WESTERN DIST.
October, 1831.

EMERSON ET ALS.
*vs.*
FOX ET ALS.

<hr>

### EMERSON ET ALS. *vs.* FOX ET ALS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

3L 178
f105 138

Where an appeal is granted, and an order requiring the appellant to give bond, exceeding the judgment by one-half, if to stay execution; or for one hundred dollars, if only to cover costs ; and it is taken in the form of a suspensive appeal, but for a sum a little short of that required by the order, the appeal will be retained as a merely devolutory one.

An intervening party, has no right to take advantage of the insufficiency of the pleadings or proceedings in attachment against a defendant. The nullities are relative only, and the defendant alone can urge them.

A provisional seizure of property in an attachment suit, subjects it to the payment and satisfaction of whatever judgment the attaching creditor may obtain, in preference to other creditors or claimants.

A contract of sale is perfect between the parties by their agreement; but it is necessary there should be a tradition, or delivery of the property, to vest it in the purchaser.

The law considers the tradition, or delivery of immoveables as always accompanying the public act, which transfers the property : But if this property is attached by a creditor, it forms a legal obstacle to the delivery: The law does not consider that as done, which cannot be done.

WESTERN DIST.
October, 1831.

EMERSON ET ALS.
vs.
FOX ET ALS.

The plaintiffs, N. Emerson & Co., instituted suit by attachment on a note of A. Fox's for five hundred and fifty-eight dollars, in the parish of Rapides. Fox resides in the state of Alabama, but had property in Louisiana.

The attachment was levied on a house and lot in the town of Alexandria, as the property of Fox.

Whitall, Jaudon & Co., now intervened and claimed the house and lot as their property, having purchased it of Fox for two thousand dollars. They allege many defects in the form and manner of suing out the attachment; and that they had paid two hundred and fourteen dollars on the purchase of the house and lot to the vendor of Fox, and are subrogated to his rights, privileges and mortgages, at least for this sum. They pray that the property may be decreed to belong to them, &c.

An attorney was appointed to represent Fox as an absent defendant, who in his answer alleged the attachment was defective : 1. Because Flint, on whose affidavit it was obtained, does not appear to be the attorney in fact of the plaintiffs, and which is denied, &c.

There was judgment for the plaintiffs for their debt, interest and costs ; and that the house and lot be sold to satisfy the judgment, reserving to the interpleaders a claim on it for one hundred and thirty-four dollars and thirty-one cents, paid to Fox's vendor.

The interpleaders appealed.

The plaintiff and appellee moved to dismiss the appeal, because the bond was insufficient. The judge's order required it to be given for one-half over the amount of the judgment, or for one hundred dollars if taken only to cover

WESTERN DIST.
October, 1831.

EMERSON ET AL S
vs.
FOX ET ALS.

costs.    The bond is drawn with a view to stay execution, but falls a little short of the amount required by the judge's order.

*Thomas* and *Flint*, for the plaintiffs.

`1.` The appeal bond is insufficient.    Having been taken to stay execution, it falls short of the sum required in the judge's order to effect that object, and the appeal should be dismissed.

2.  No appeal has been taken by Fox, the defendant in this suit; consequently the judgment remains open as to him; and the appellants, who intervened in this case, have no right to object or take advantage of any of the proceedings or matters affecting the defendant alone.

3.  The sale from Fox to the appellants could only be considered as an *escrow*, whilst the property remained in Fox's possession.    Before the appellees had any notice of this pretended sale, which was admitted to record in Alabama in August, in 1829, and from which period alone it could be considered as assuming a real character, the appellees had levied their attachment on the property in Alexandria, which operated on it, the code giving the right to have the judgment satisfied out of it.

*Boyce*, for the interpleaders.

1.  The order for the appeal is taken in the alternative, either to stay execution or cover costs.    The bond is, therefore sufficient to cover costs and sustain the appeal, being for more than the judges order for the latter alternative.

2.  The affidavit on which the attachment issued is defective, as the agent of the plaintiff who made it, only swears to the best of his belief, instead of his knowledge and belief. The interpleaders being parties interested, have a right to set aside the proceedings for this defect, though Fox, the defendant, does not complain.

3.  The sale was made by Fox in Alabama to the appellants, and the deed in their possession before the attachment was levied on it as the property of Fox.

4. Attachment gives no lien on the property. Nothing but an execution from the time it is levied on the property, operates as a lien. *Code of Practice, art.* 724.

WESTERN DIST.
*October*, 1831.

EMMERSON
ET ALS.
*vs.*
FOX ET ALS.

*Martin, J.* delivered the opinion of the court.

The appellee claims the dismissal of the appeal, because the bond is not legal nor sufficient, and not in conformity with the judge's order.

The judge's order directs bond to be given for an amount exceeding the amount of the judgment by one-half, conditioned as the law directs, so as to stay execution; or in the sum of one hundred dollars conditioned to pay costs, if the appeal be not taken to stay execution.

The condition of the appeal bond is that of bonds given with a view to stay execution; but the sum mentioned in it does not quite exceed the amount of the judgment by one-half.

The appellant has contended that as the bond is for more than one hundred dollars, it enabled him to sustain a devolutive, though not a suspensive appeal. The judge made his order in the alternative if the bond was conditioned as the law directs so as to stay the execution, it was to be given for a sum exceeding by one-half of the amount of the judgment; otherwise it was to be given for one hundred dollars, conditioned to pay costs.

The appellants chose to give bond under the first alternative, conditioned as the law directs to stay execution, i. e. for the payment of the judgment; but he contends, that as payment of the judgment includes the payment of the costs, that the bond is for the payment of costs; and is not the less good because given for an amount exceeding that fixed by the judge for an appeal merely devolutive, and as from the circumstances of the insufficiency of the sum, the appeal is not suspensive, it must be sustained as a mere devolutive one.

In this position we agree. In the case of *Ross* vs. *Pargoud, ante,* decided last year, we held, a bond for a suspensive appeal, which was for a less sum than that fixed by the judge, could not support a devolutive appeal, although for a sum evidently

Where an appeal is granted and an order requiring the appellant to give bond, exceeding the judgment by one-half, if to stay execution; or for one hundred dollars, if only to cover costs; and it is taken in the form of a suspensive appeal, but for a sum a little short of that required by the order, the appeal will be retained as a merely devolutory one.

WESTERN DIST.
October, 1831.

EMMERSON
ET ALS.
vs.
FOX ET ALS.

more than sufficient to cover costs. In that case the judge had named but one sum in his order. He had not, as in the present case, given the appellant the alternative of two bonds, one for a sum of one hundred dollars to cover costs; and one for a sum to enforce the payment of the judgment. In the present case the bond is given for a larger sum than ordered in one of the alternatives. In the former case there were not two alternatives. The judge had fixed but one single sum as the amount of the bond; and the appellant did not perform the condition on which the appeal was granted by giving bond for a less sum. The appeal must, therefore, be retained as a mere devolutary one.

On the merits the appellants intervened in order to claim the property attached, alleging it to be their own. They averred that the premises, a house and lot in the town of Alexandria, were conveyed to them by an act *sous seing privé* in the state of Alabama, on the sixth of July, 1829, by the defendant, who on the eighteenth of August following, acknowledged it in the court of the county of Lauderdale, in said state, where it was ordered to be copied. That said house and lot were attached in the present suit as the property of the defendant, their vendor. They alleged that the bond and affidavit annexed to the plaintiff's petition were insufficient and illegal; prayed that the attachment might be set aside, and that if sustained in whole or in part, they might be declared to have a privilege for a sum of money paid by them to extinguish a mortgage which existed on the premises at the time of the purchase.

An intervening party, has no right to take advantage of the insufficiency of the pleadings or proceedings in attachment against a defendant. The nullities are relative only, and the defendant alone can urge them.

The attachment was sustained. Judgment was given for the plaintiffs against the defendant; the premises were directed to be sold to satisfy it; and the intervening party was allowed a privilege on the proceeds of the sale to the amount of the sum paid in extinguishment of the mortgage. They appealed.

An intervening party has no right to take advantage of the insufficiency of the oath or bond on which process of attach-

WESTERN DIST.
October, 1831.

EMMERSON
ET ALS.
vs.
FOX ET ALS.

ment issues. The nullities arising therefrom are relative only, and the defendant alone can urge them. 4 *Martin, N. S.* 487.

As acts *sous seing privé* have no date or effect against third persons, it is clear the attachment was properly levied, before the registry of the sale to the intervening party. But they contend they acquired a complete title by the registry in the parish judge's office; and they contend that as an attachment gives no lien to the attaching creditor, their title was complete against the plaintiffs; the defendant's property became theirs before judgment, and the court erred in directing its sale to satisfy the judgment.

It is true the *Code of Practice, art.* 724, says, provisional seizures give no privilege to those who have made them, till they have obtained judgment and order of execution on the property provisionally seized.

The corresponding French part of the text uses the expression, "*Les Saisie arrêts*" (attachment) instead of provisional seizure. The articles 264–5 of the Code of Practice declares that the property attached "shall be subject to satisfy such a judgment as may be rendered against the defendants."

It being evident from the phraseology of both texts of the Code of Practice, that the English part is a translation of the French. We have been in the habit of attending to the latter much more than we do to the French part of other laws. But in the present case, as both parts of the code in articles 264–5, subject the property attached to the satisfaction of the judgment thereafter to be obtained, we cannot allow the French part to control the other in a manner that will contradict the evident and manifest intention of the legislature in the former articles, and enable the defendant to destroy the effect of the attachment.

*A provisional seizure of property in an attachment suit, subjects it to the payment and satisfaction of whatever judgment the attaching creditor may obtain in preference to other creditors or claimants.*

Further, the contract of sale is perfect as to the parties by their agreement before the tradition. *Louisiana Code,* 2431. But this tradition is necessary to vest the property in the vendee. This has been so very often decided in this court, that a reference to particular cases is unnecessary. But the law considers the tradition or delivery of immoveables as

*A contract of sale is perfect between the parties by their agreement; but it is necessary there should be a tradition, or delivery of the property, to vest it in the purchaser.*

WESTERN DIST.
*October*, 1831.
─────────
STNDICS OF
MORGAN
*vs.*
DAVENPORT'S
HEIRS ET ALS.

The law considers the tradition, or delivery of immoveables as always accompanying the public act, which transfers the property: But if this property is attached by a creditor, it forms a legal obstacle to the delivery: The law does not consider that as done, which cannot be done.

always accompanying the public act which transfers the property.  *Ibid*, 2455.   From this general provision those cases must be excepted in which there is an evident legal obstacle to the delivery.   The law cannot consider that as done, which cannot be legally done.   In the present case the house and lot being in the possession of the sheriff at the time of sale, it is clear the vendor could not make a tradition or delivery of them without violating the possession of the sheriff; and it is clear the appellants cannot be allowed to defeat the plaintiffs' suit in this manner.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.