### HUGH BROWN, Administrator, *v.* W. SADLER.

The defendant being sued as third possessor of property subject to a mortgage for the balance of price of adjudication at a succession sale, set up as an exception that the notes given at the succession sale for the price of the property were not produced : *Held :* That as these notes were not negotiable, but made payable to the legal representatives of the estate, the exception was not properly taken.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*Bowman & Delee*, for plaintiff and appellant. *J. McVea*, for defendant.

SPOFFORD, J. The plaintiff, administrator of the succession of *James Gair*, brought this suit against a third possessor of some real estate formerly sold as the property of the said succession, and hypothecated to secure the balance of the price not paid in cash.

That balance was evidenced by two promissory notes not negotiable, but payable to the legal representatives of *James Gair*, and signed by *Ann Gair*, the purchaser, under whom the defendant holds.

These notes are not produced, but the plaintiff alleges that they went into the hands of *Mrs. Catharine Gair*, who, for a time, administered the estate as tutrix, but who, as is alleged, has absconded, taking said notes with her or destroying them, in order to defraud the estate by collusion with her sister-in-law, *Ann Gair*, who was without means to make the purchase aforesaid.

The defendant excepted that this suit could not be brought against him until *Mrs. Catharine Gair*, former administratrix, had been called upon for an account of her administration ; and further, that *Mrs. Catharine Gair* and *Miss Ann Gair* should be made parties to the suit.

Upon these exceptions the suit was dismissed, and the plaintiff has appealed.

The permanent departure of *Mrs. Catharine Gair* and *Miss Ann Gair* from the country is a sufficient answer to the objection that they were not made parties to this suit.

It was impossible also for the administrator to call upon the tutrix for an account of her gestion for the same reason.

The allegations of the petition being considered as true, for the purpose of deciding upon the exception, we are of opinion that they disclose a right of action. A debt is alleged to be due an estate lawfully represented by the plaintiff ; the notes, which are not negotiable and have been fraudulently carried away, are only the evidence of that debt ; property in the hands of defendant is alleged to be encumbered to secure it ; the defendant is alleged to have notice of the existence of a mortgage to secure such debt, by reason of its registry. The defence urged in his brief, that the notes may have been paid to the tutrix, is a defence to the merits, of which he cannot avail himself in this form.

This is not a suit to render an administrator liable for a single act of administration, and the cases cited from 3 La. 182, and 1 N. S. 126, are inapplicable.

It is a suit to recover a debt due the succession, and to make property in the hands of a third possessor liable for it.

It is, therefore, ordered, that the judgment of the District Court be reversed, the exceptions filed by the defendant over-ruled, and the cause remanded for further proceedings according to law, the defendant and appellee to pay the costs of the appeal.