(121 App. Div. 437.)

TAYLOR v. BELL.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. COURTS—COURTS NOT ON RECORD—MUNICIPAL COURT OF NEW YORK CITY.

Under the express provisions of Laws 1897, p. 481, c. 378, § 1351, and Laws 1901, p. 575, c. 466, § 1351, the Municipal Court of the city of New York is a court not of record.

2. JUDGMENT—LIEN—DOCKETING.

A judgment of the Municipal Court of the city of New York does not become a lien upon the judgment debtor's property until the judgment is docketed in the county clerk's office of the county where the property is situated, as expressly provided by Laws 1902, p. 1565, c. 580, § 263.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1332.]

3. EXECUTION—SALE—IRREGULAR NOTICE—PAYMENT OF COSTS OF PUBLICATION.

An execution was issued commanding the sheriff to satisfy a judgment out of real property belonging to the judgment debtor when the judgment was docketed in the county clerk's office, or at any time thereafter, as provided by Code Civ. Proc. § 1369. The sheriff gave notice that he would sell the interest which the debtor had at a stated date, 15 days before the judgment was docketed and before it became a lien. *Held*, that the debtor was not required, in order to have the execution returned satisfied before the sale, to pay the charges for publishing the inaccurate notice, in addition to the judgment and sheriff fees.

Appeal from Special Term, Richmond County.

Action by Thomas J. Taylor against Edna Bell. From an order denying a motion to vacate a notice of judicial sale and to direct the sheriff to return an execution satisfied upon payment of judgment, interest, and costs, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George Bell, for appellant.

A. J. B. Wedemeyer, for respondent.

HOOKER, J. The facts which are deemed important in the consideration of this appeal are not in dispute. The plaintiff recovered a judgment against the defendant in the Municipal Court of the city of New York, in the borough of Richmond, on the 14th day of April, 1905, for $76.43, a transcript of which judgment was filed and the judgment docketed in the office of the clerk of the county of Richmond on the 29th day of April, 1905. On May 31, 1905, execution was duly issued upon the judgment to the sheriff of the county of Richmond, who, finding no personal or real property, returned it wholly unsatisfied in July of that year. Supplementary proceedings were then instituted against the defendant, $50 was paid on account of the judgment, and thereafter, on the 12th day of July, 1906, a second execution was issued on the judgment and delivered to the sheriff of the county of Richmond. On that day the sheriff gave notice of the sale of real property owned by the defendant, in which he stated that "I will sell at public auction, at the village hall, Stapleton, in the borough of Richmond, New York City, on the 29th day of August, 1906, at 12 o'clock noon of that day, all the right, title, and interest of Edna Bell, which she had on the 14th day of April, 1905, or at any time

thereafter, of, in, and to" the real property owned by the defendant and described in the notice of sale. The sheriff started the publication of the notice, posted it, and mailed a copy to the defendant. Between the 14th day of April, 1905, the time when the judgment was rendered, and the 29th day of April, 1905, the time when the transcript was filed and the judgment docketed in the office of the clerk of the county, the defendant, for a valuable consideration, executed and delivered a mortgage upon the real property described in the notice of sale to one Homes, to secure the payment of a sum of money loaned by Homes to the defendant at that time. Before the sale took place the defendant tendered to the sheriff the amount of the judgment remaining unpaid, together with the sheriff's fees, not including, however, the fees for the publication and posting of the notice of sale. The sheriff refusing to accept the tender unless accompanied by money sufficient to pay for the publication and the posting of the notice, the defendant made this motion to vacate and set aside the notice of sale and to direct the sheriff to return the execution satisfied, upon the payment to him of the balance due upon the judgment and interest, and the legal fees of the sheriff on the execution, excluding charges for publishing and posting the notice of sale. The motion was denied, and the defendant appeals.

The order should be reversed, and the motion granted. The Municipal Court of the city of New York is a court not of record (sections 2, 3, Code Civ. Proc.; Laws 1897, p. 481, c. 378, §§ 1350; 1351; Laws 1901, p. 575, c. 466, §§ 1350, 1351) ; and a judgment rendered by that court does not become a lien upon the real property of the judgment debtor until the judgment is docketed in the office of the clerk of the county wherein is situate such real property or chattels real (Municipal Court Act of the City of New York, Laws 1902, p. 1565, c. 580, § 263). The judgment in this case, rendered on the 14th day of April, 1905, did not become a lien upon the property described in the notice of sale until it was docketed in the office of the clerk of the county of Richmond on the 29th day of April, 1905, and so far as appears from the undisputed facts in the record before us, by reason of the mortgage to Homes, the judgment debtor's interest in the property on the 29th day of April was less than on the 14th day of April. The second execution issued upon this judgment complied with the provisions of section 1369 of the Code of Civil Procedure, and commanded the sheriff to satisfy the judgment out of the real property belonging to the judgment debtor at the time when the judgment was docketed in the office of the clerk of the county of Richmond, or at any time thereafter. Disregarding this mandate, the sheriff gave notice that he would sell such interest as the judgment debtor had on the 14th day of April, 1905, 15 days before the judgment was docketed in his county; and while this unwarranted notice and a possible sale pursuant thereto might or might not affect the rights of third persons, acquired subsequent to the 14th day of April, and before the judgment actually became a lien upon the property, the orderly conduct of collecting the judgment by the process of levy and sale, under the execution, required the sheriff to comply

with the essential mandates of the execution; and where the sheriff undertakes, in his notice of sale, to mention a day on which the judgment debtor's interest in the property should be sold, he should be required to do so correctly. Inaccuracy in this respect might easily lead to confusion as to the rights of purchasers, lienors, or other judgment debtors, might easily lead to unnecessary litigation, render ambiguous and uncertain the exact interest which the sheriff proposed to sell, and might envelop the title of a purchaser at such sale in uncertainty and doubt.

Upon this appeal we are not called upon to determine the rights of a purchaser under a sale pursuant to the incorrect notice of sale which appears in this record. This attack upon the notice of sale is not collateral, but direct, by the judgment debtor herself, before the sale is had, and arises out of the sheriff's refusal to accept payment of the judgment and his fees, unless he is likewise paid the charge for printing and posting this inaccurate, and, so far as it deals with the time when the lien of the judgment obtained, unauthorized, notice of sale. It is true that the publication was made necessary by the judgment debtor's refusal to pay the judgment; but, when offering to pay it, she should not be required to reimburse the sheriff for posting and publishing a notice of sale, such as the one in this case, which, without fault on her part, was so worded as likely to lead to confusion and doubt.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(121 App. Div. 576.)

### In re VILLAGE OF CEDARHURST.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)