## In re FLUSHING QUEENSBORO LAUNDRY, Inc.
### No. 404.

Circuit Court of Appeals, Second Circuit.
June 7, 1937.

Joseph G. M. Browne, of Brooklyn, N. Y., for bankrupt-appellant.

Irving Gordon, of New York City, for petitioning creditors.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a New York corporation which has been found insolvent and adjudged bankrupt on an involuntary petition on the ground that it permitted a creditor to obtain a judgment against it and did not discharge it within thirty days from the date it was entered. Bankr. Act, § 3a(4), as amended, 11 U.S.C.A. 21 (a) (4).

■ The order of adjudication was entered after hearing on the merits on the amended petition which we had before us in Re Flushing-Queensboro Laundry, 85 F.(2d) 31, and which we then held to have been subject to amendment as allowed. This amended petition alleged, inter alia, that the appellant while insolvent, and with intent to hinder, delay, and defraud its creditors, transferred all of its property within four months of the date of the petition; and when in such financial situation within such period permitted one Bessie Perlman to obtain a preference. These allegations were based upon occurrences during the attempted foreclosure of a mortgage on appellant's property held by Bessie Perlman to secure loans made by her which was executed more than four months before the original petition in these proceedings was filed and concerned the transfer of the property by the mortgagor to the mortgagee at the time of the attempted foreclosure. The theory of the petitioning creditors was that the mortgage had been given pursuant to a scheme to defraud creditors and that the transfer of the property was in furtherance of that conspiracy. Though the trial judge made no findings in respect to those allegations, it is apparent from the record that, if he had done so, he could have reached no other conclusion than that the charges of fraud were not proved and without that what was called a preference was not shown. We are, of course, bound by the record and, treating this appeal as a trial de novo in equity, In re Marshall, 47 F.(2d) 209 (C.C.A.2); Elliott v. Toeppner, 187 U.S. 327, 23 S.Ct. 133, 47 L.Ed. 200; Schieber v. Hamre (C.C.A.) 10 F.(2d) 119, can but take the allegations to be unfounded in fact because not proved.

■ The proof as to the other alleged act of bankruptcy was also insufficient. The judgment relied on below was entered and docketed in the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, on the 25th day of September, 1935, for the sum of $125.73. Execution was issued and delivered to a marshal who returned it unsatisfied. It was not docketed in the office of the county clerk as was necessary to create a lien on real property. Sections 509, 510, New York Civil Practice Act; Taylor v. Bell, 121 App.Div. 437, 106 N.Y.S. 273. Had there been any personal property of the judgment debtor, what was done might have created a lien against that, section 679 of the New York Civil Practice Act, but, in the absence of proof of such property, since the alleged fraudulent transfer to Bessie Perlman was not shown, there was no lien for there was nothing to which a lien could attach. Merely the suffering of such a judgment as was entered and its nondischarge within thirty days was not an act of bankruptcy. To be that under section 3a (4) of the Bankruptcy Act, as amended, 11 U.S.C.A. 21(a) (4), a lien must be created. It is the failure to discharge a lien obtained through legal proceedings and thus do away with its possible adverse effect upon other creditors which has been made an act of bankruptcy. Elkay Reflector Corporation v. Savory, Inc. (C.C.A.) 57 F.(2d) 161. Consequently the adjudication, based on proof of a judgment that created no lien, was erroneous.

Order reversed, with directions to dismiss the petition.