REDMANN, Judge.
After Colonial Bank’s 1977 petition for the involuntary bankruptcy of Clarence P. Foret was dismissed for failure of at least two other creditors to join, Foret sued Colonial for malicious prosecution. Foret now appeals from summary judgment dismissing his suit.
Foret argues that Colonial’s malice is shown by its having filed the bankruptcy petition with knowledge that it was disqualified to do so by 11 U.S.C. § 95(e)(3) because it “participated” in the act of bankruptcy alleged. The act of bankruptcy was one within 11 U.S.C. § 21(a)(3): having “suffered or permitted, while insolvent, any creditor to obtain a lien on any of his property through legal proceedings or distraint and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property”.
Foret’s position is that the bank participated by having itself obtained and recorded the money judgment resulting in the lien (a judicial mortgage, La.C.C. 3321) which, with its non-vacation and non-discharge, is alleged to constitute the act of bankruptcy.
This position is incorrect. It is not the obtaining of the lien or the lien itself, but the debtor’s failure to timely remove the lien that threatens harm to other unpre-ferred creditors and constitutes the act of bankruptcy; In re Flushing Queensboro Laundry, 2 Cir. 1937, 90 F.2d 601, 34 Am. Bankr.Rep., N.S., 289; In re Pioneer Mtr. Svc., Inc., 7 Cir. 1968, 402 F.2d 438, cert. denied 393 U.S. 1087, 89 S.Ct. 875, 21 L.Ed.2d 780. Colonial Bank did not participate in Foret’s not vacating or discharging Colonial’s recorded money judgment and therefore did not participate, within 11 U.S.C. § 95(e)(3), in the act of bankruptcy.
Affirmed.