## In re SIEBERT.

(District Court, D. New Jersey. December 14, 1904.)

**1. BANKRUPTCY—POWERS OF REFEREE—INJUNCTION STAYING PROCEEDINGS IN STATE COURT.**

Under General Orders in Bankruptcy No. 12, § 3 (89 Fed. vii), which provides that an application for an injunction to stay proceedings of a court or officer of the United States or of a state "shall be heard and decided by the judge," at least in the district of New Jersey, where the rules adopted pursuant to Bankr. Act July 1, 1898, c. 541, § 38, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], vest referees with such jurisdiction as may be delegated to them under the bankruptcy act "and the general orders of the Supreme Court," a referee has no power to grant an injunction staying a proceeding in a state court. and such an order is void.

In Bankruptcy. On rule to show cause.

Myers & Goldsmith, for the rule.

Lewis R. Conklin, opposed.

LANNING, District Judge. On June 7, 1904, the New Jersey Foundry & Machine Company secured a judgment in the city Court of the City of New York against Julius H. Siebert for $718.81. On the same day execution was issued and returned unsatisfied. On June 10th an order was made by the City Court directing Siebert to appear on June 14th for examination in supplementary proceedings. He failed to appear, and his default was noted. On June 16th Siebert filed in this court his petition in voluntary bankruptcy, and on the same day he was adjudged bankrupt, and the

cause referred, by a general order, to one of the referees of this court. On June 18th that referee, upon the petition of the bankrupt, issued an order to the following effect:

"That New Jersey Foundry & Machine Company, their agents, servants or attorneys, be, and they hereby are, enjoined and restrained from further proceeding upon a judgment obtained by them against the above-named bankrupt in the City Court of the City of New York, or from further proceeding with an examination of said bankrupt in proceedings supplementary to execution, wherein the said New Jersey Foundry & Machine Company is the judgment creditor and the above-named bankrupt the judgment debtor, for twelve months from the date of adjudication herein, or, if the bankrupt should apply for his discharge within that time, then until the hearing and determination of such application. This order being made subject to the determination of the judge of said court upon the application contained in the annexed petition."

On July 11th the attorney of the execution creditor filed in the New York court his affidavit on which he secured a rule requiring Siebert to show cause why he should not be punished for contempt of the New York court in disobeying its order returnable June 14th. On the hearing of this rule he was adjudged guilty of contempt, which judgment, on appeal to the New York Supreme Court, was affirmed. The present application is that the New Jersey Foundry & Machine Company and its attorney be punished as and for a contempt of the authority of this court in disobeying the order of its referee. I have concluded that the application must be denied. General Order 12, § 3 (89 Fed. vii) promulgated by the Supreme Court of the United States, provides that "applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States, or of a state, shall be heard and decided by the judge." Loveland, in his work on Bankruptcy (2d Ed.) p. 112, refers to the above order as one limiting the powers of referees. Collier, however, (4th Ed.) p. 128, refers to the language of section 38 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], as conferring, not on the Supreme Court of the United States, but on the several District Courts, the power to fix the limits of the jurisdiction of referees. The language of that section is that:

"Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time, with jurisdiction to * * * perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy, and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

It will be observed that section 38 of the bankruptcy act excepts from the jurisdiction of referees questions concerning applications for discharges and applications in relation to compositions, while section 3 of general order 12 (89 Fed. vii) adds to these two exceptions any application for an injunction to stay proceedings of a United States court or a state court, or of an officer of either of such courts. This section of general order 12 is new, and not modeled upon any rule or order promulgated under any previous

bankruptcy act. When it was framed, section 38 of the present bankruptcy act must have been before the draftsman, and the decision of the Supreme Court to insert such a limitation upon the powers of referees must have been reached after due consideration, and under the supposed power conferred upon the Supreme Court, not by section 38, but by section 30, of the bankruptcy act (30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]), which provides that "all necessary rules, forms and orders as to procedure and for carrying this act into force and effect shall be prescribed and may be amended from time to time by the Supreme Court of the United States."

The power to issue orders to stay proceedings in the state courts should be exercised with care, and with due regard for the rule of comity that should be observed between courts of bankruptcy and the state courts. It is only in bankruptcy cases that a federal court can enjoin a proceeding in a state court. Rev. St. U. S. § 720 [U. S. Comp. St. 1901, p. 581]. Section 11 of the bankruptcy act (30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]) provides that:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

This section authorizes the stay to be made either by the state court in which a suit may be pending at the time of the filing of a petition in bankruptcy or by the bankruptcy court. Ordinarily, the application for such stay should, in the first instance, be made to the state court. In re Geister (D. C.) 97 Fed. 322. The possibilities of collision between federal and state courts by the exercise of the power referred to are apparent. These possibilities are increased by the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410]), providing that when, because of insolvency, a receiver has been put in charge of the property of a corporation by the order of a state court, that act, notwithstanding the property is thereby in custodia legis, shall be deemed one of bankruptcy. In the case of Watts and Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, there was a clash between a state court and a bankruptcy court over a question concerning the custody of the property of an insolvent corporation. Mr. Chief Justice Fuller, in the course of his opinion, said:

"We cannot but express our regret at the unfortunate collision between the two courts, and the belief that the considerate observance of the rule of comity is adequate to avert such occurrences."

If there be any doubt as to whether the power to issue injunctions to stay proceedings in state courts is withheld from referees by the third section of general order 12, there can be no doubt but that by the rules of this court such power is withheld from them. Rule 6 provides that:

"The clerk shall mail a copy of the order of reference to the referee, and thereafter all proceedings, except such as are required by the act or by the general orders to be had before the judge, shall be had before the referee."

Rule 25 reads as follows:

"The referees heretofore or hereafter appointed for the District of New Jersey are hereby respectively vested with the jurisdiction which, by the bankruptcy act of July 1st, 1898, and the general orders of the Supreme Court, promulgated at the October term of 1898, the court or judge may delegate to or confer upon said referees; and they are respectively empowered and authorized to do all acts, take all proceedings, make all orders and decrees and perform all duties so authorized to be delegated by said act and said general orders without special authority in each case and under the general authority conferred by this order."

And rule 21 reads as follows:

"When a motion for an injunction is pending, or is about to be made, the referee may, in order to prevent injury to the property of the bankrupt, or otherwise, grant a temporary restraining order staying proceedings until the hearing and decision of said motion. In case all parties in interest agree that said motion be heard by the referee in charge, they may file with the referee a written stipulation to that effect. The decision of the referee on such motion shall be filed with the clerk, and if the referee decides that an injunction shall issue, an order to that effect may be made by the judge."

Under these rules, a referee has no power to issue an injunction. If, by consent of the parties in a case, he acquires jurisdiction to hear a motion for injunction, he may hear it, and advise the judge of his decision by filing it with the clerk of the court. The judge of the court, and he only, may then, if the decision of the referee be that an injunction should issue, make an order for injunction. The referee may also, without consent of the parties, in order to prevent injury to the property of the bankrupt, grant a temporary stay of judicial proceedings; but such stay should be but for a few days, and only until the applicant can have an opportunity to move for an injunction befc ' the judge. Such has been the general practice in the district of New Jersey. It is probable that the referee in the case at bar had this practice in mind when he inserted in the order issued by him the provision that it was "subject to the determination of the judge." The insertion of this provision, however, left the order without efficacy even as a temporary stay.

The conclusion reached is that the order of the referee was invalid. The rule to show cause must therefore be discharged.