### YUMET & CO. v. DELGADO et al.

#### In re E. DEL PILAR HERMANO & CO.

(Circuit Court of Appeals, First Circuit.    May 26, 1917.)

No. 1272.

1. BANKRUPTCY ⟪⟫200(3)—LIENS—RIGHT TO.

Under Bankr. Act (July 1, 1898, c. 541, § 67f, 30 Stat. 564 (Comp. St. 1916, § 9651), declaring that all levies, judgment, attachments, or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of the petition in bankruptcy, shall be deemed null and void in case he is adjudicated a bankrupt, a lien obtained by attachment served more than four months before the filing of a petition in bankruptcy is not nullified, where it is valid at the time of the attachment, though the judgment was not rendered until within the four months, and until that time the lien was inchoate.

2. BANKRUPTCY ⟪⟫200(3)—LIENS—VALIDITY.

Code Civ. Proc. Porto Rico, § 5233, declares that every person who shall bring an action for the fulfillment of any obligation may obtain an order from the court having cognizance of the suit, providing that the proper measures be taken to secure the effectiveness of the judgment. Section 5234b declares that the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed, while section 5242 provides that an attachment on personal property shall be effected by depositing the personal property in question with the court or the person designated by it, under the responsibility of the plaintiff. Section 5258 declares that all property and right of property seized and held under attachment are liable to execution, but, until a levy, property is not affected by execution. Under the Porto Rico practice an attaching creditor takes priority over another creditor recovering judgment without attachment. *Held*, that the lien of an attaching creditor is created by the Porto Rican law on the levy of the attachment, and hence, where attachment was levied more than four months before the filing of the petition in bankruptcy, the lien of the attaching creditor was not vacated by Bankr. Act, § 67f, though the judgment perfecting it was rendered within the four-months period.

Appeal from the District Court of the United States for the District of Porto Rico; Peter J. Hamilton, Judge.

In the matter of the bankruptcy of E. Del Pilar Hermano & Co. Petition by Yumet & Co., opposed by Isidoro D. Delgado, trustee, and others. From an order reversing an order of the referee, petitioner appeals. Order reversed, and cause remanded.

Joseph B. Jacobs, of Boston, Mass. (Henry G. Molina, of San Juan, Porto Rico, and Jacobs & Jacobs, of Boston, Mass., on the brief), for appellant.

Harry F. Besosa, of San Juan, Porto Rico, for appellees.

Before DODGE and BINGHAM, Circuit Judges, and BROWN, District Judge.

DODGE, Circuit Judge. The appellants sued the bankrupt firm in a Porto Rican court, attaching personal property belonging to the firm in accordance with the local procedure. This was done more than four months before the involuntary petition was filed, under which said firm was adjudged bankrupt by the federal District Court.

The suit thus begun was to recover the price of goods sold. It resulted in a judgment in the appellants' favor, and a subsequent order of execution issued by the local court; both within the four months preceding the filing of said bankruptcy petition.

After the bankruptcy petition had been filed, the marshal of the local court proceeded, under the execution in his hands, to advertise the attached property for sale, in order to satisfy the judgment. It had remained in his custody since it was attached as above. The bankruptcy court enjoined the proposed sale, holding that the appellants acquired no lien by their original attachment, and that any lien acquired by virtue of the judgment or the steps taken subsequent thereto had been avoided or nullified according to section 67f of the Bankruptcy Act. It reversed an order by the referee declaring the appellants "in possession of a valid lien," from which order of reversal they appeal.

[1] If the appellants got no valid lien upon the attached property until the judgment in their favor was entered, there is no error in the order appealed from. But, if they obtained a valid lien when they attached the property, section 67f has no application, this order should be vacated, the sale allowed to proceed, and the referee's order sustaining the lien affirmed.

In view of Peck v. Jenness, 7 How. 612, 12 L. Ed. 841, decided under a former bankruptcy law, and of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, decided under the present Bankruptcy Act, attachment on mesne process, such as the laws of the states within this circuit permit, is to be regarded as creating a lien in the plaintiff's favor, valid from the time the attachment is made, and not nullified or avoided by subsequent bankruptcy proceedings under the present act, unless the same are begun within the four months following such attachment; and this notwithstanding the fact that the lien so obtained is inchoate only, and subject to be lost if the suit wherein it has been made does not result in a judgment in the plaintiff's favor. The lien is considered as obtained when the attachment is made, and a subsequent judgment for the plaintiff as doing no more than establish the fact that it was rightly obtained. Such a judgment, followed by execution and levy, only enforces the lien created by the attachment. In re Blair (D. C.) 108 Fed. 529, cited with approval in Metcalf v. Barker, 187 U. S. 165, 174, 23 Sup. Ct. 67, 47 L. Ed. 122; Collier, Bankruptcy (10th Ed.) 969; Remington, Bankruptcy (2d Ed.) §§ 1455, 1588.

[2] Whether or not such attachments create a lien upon the attached property, valid from the time they are made as above, depends wholly upon the local law. The laws of some, but not of all, the states without this circuit permit attachments on mesne process similar in character and effect. The laws of Porto Rico permit attachments on mesne process according to provisions hereinafter considered. Whether or not attachments such as are thereby permitted are also to be regarded as affecting the attached property with a lien valid from the time of the attachment is the question presented by this appeal.

The statutory provisions authorizing attachments on mesne process in Porto Rico are found in sections 5233–5250 of the Code of Civil Procedure. They were originally enacted March 1, 1902, as "An act to secure the effectiveness of judgments." Section 5233 is as follows:

"Every person who shall bring an action for the fulfillment of any obligation may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor."

The "proper measures" are prescribed by the next section, 5234, and differ somewhat according to the nature of the obligation sued on. When, as in this case, the obligation is the payment of any sum of money, section 5234 (b) provides that:

"The provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed."

Section 5242 provides that an attachment on personal property—

"shall be effected by depositing the personal property in question with the court, or the person designated by it, under the responsibility of the plaintiff."

The same section provides further for deposit with the defendant, upon sufficient bond given by him, in the discretion of the court; for its sale at public auction, on demand by the owner, upon condition that the proceeds be deposited with the court, and for its sale, if perishable, on petition of either party, at public auction, the proceeds to be deposited as directed by the court. With these provisions, however, this case is not concerned. The property attached was deposited with the marshal of the court and kept in his custody. Had it been sold under any of the provisions permitting its sale, the proceeds would, of course, have taken its place for the purposes of the present case.

Except that a special order of court authorizing each attachment is required, this procedure does not appear to differ in any essential respect from that which may be availed of, under the laws of the states within this circuit, at his option, by any plaintiff desiring security upon the defendant's personal property, at the outset, for such judgment as he may obtain. Designated personal property of the defendant is taken into an officer's custody, who holds it until the attachment is dissolved, or it is applied to satisfy a judgment for the plaintiff. Meanwhile the defendant may dissolve it by giving bond; discontinuance of the suit or judgment for the defendant will dissolve it; or the court may, pending the suit, for cause shown, order it sold, and the proceeds held under attachment in its place. Judgment having been entered, execution issued in the suit accomplishes application of the attached property or

its proceeds in satisfaction of such judgment. Until then the defendant's property right therein continues, notwithstanding the plaintiff's inchoate or contingent lien. Actual transfer is prevented by the officer's custody; the defendant can transfer only his right thereto, subject to such custody and the plaintiff's lien.

The provisions of the Porto Rican Code regarding the disposition of attached property on execution are found in the next succeeding title of said Code, "Of the Execution of the Judgment in Civil Actions," and are as follows:

Section 5258: "All property and right of property, seized and held under attachment in the action, are liable to execution. * * * Until a levy, property is not affected by the execution."

It is also true, in Porto Rico as with us, that an attaching creditor has priority as to the property attached over a creditor recovering judgment against the same defendant without any attachment, and that, as between creditors attaching the same property, the earlier attachment has priority. See Oronoz & Co. v. Alvarez, 23 P. R. 497.

That what is in substance a lien upon the property attached is created when an attachment is made under the above provisions of the Porto Rican Code cannot in our opinion be denied. The right or interest then acquired by the plaintiff in property so attached is referred to as a "lien" in the decisions of the Supreme Court of Porto Rico. See Auffant v. Succession Ramos, 23 P. R. 410 (relating to attachments of real estate); Oronoz & Co. v. Alvarez, 23 P. R. 497, already cited. We find nothing to indicate that the attaching creditor's right or interest, arising at the time of the attachment, under the Porto Rican procedure, is intended to be any less effective for the purpose of securing his judgment, than an attachment on mesne process under the laws of the states above referred to. In Porto Rico, as under those laws, and as was done in this case, the property attached is segregated from the defendant's other property by the custody of a public official acting under the authority of the court, for the publicly declared purpose of keeping it so segregated until applied to satisfy the plaintiff's claim. Until so applied the defendant's property in it remains subject to the plaintiff's right to such application in priority to the rights of other creditors. After custody under such an attachment has continued for more than four months, we see no more reason for holding the plaintiff's prior right subject to be defeated by bankruptcy proceedings than would exist in the case of an attachment such as was made in Re Blair (D. C.) 108 Fed. 529, cited above.

We find nothing in Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, referred to in the opinion of the learned District Judge, inconsistent with the foregoing conclusion. The plaintiff in that case had made no attachment before obtaining judgment and got no right of any kind in the defendant's property until he levied execution. Judgment, execution, and levy had been vacated, so far as they affected the defendant's property or its proceeds at the execution sale, by bankruptcy within four months thereafter.

The conclusion we adopt is in accordance with that reached in this case by the District Court, in an opinion of earlier date than that be-

fore us in this record, which was the result of a reconsideration. See 8 P. R. Fed. 605.

The order of the District Court of December 29, 1916, reversing the referee's order of September 27, 1916, is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion, and the appellants recover their costs of appeal.