## GATELL v. MILLIAN.

(Circuit Court of Appeals, First Circuit. November 14, 1924.)

No. 1692.

1. **Bankruptcy ☞224—Referee is without jurisdiction to stay court proceedings.**

Under Gen. Orders No. XII (3), found in 89 Fed. vii, a referee is without jurisdiction to stay proceedings in a court.

2. **Bankruptcy ☞200(3) — Attachment more than four months prior to bankruptcy creates valid lien.**

An attachment made more than four months prior to bankruptcy creates a valid lien, which may be enforced by judgment, execution, and sale within the four months, and the validity of such sale is not affected by the subsequent adjudication.

3. **Bankruptcy ☞212—Court may summarily order trustee to surrender property to owner.**

A court of bankruptcy has power to summarily order a trustee to surrender property of which he has taken possession to the legal owner, on petition of the latter.

Appeal from the District Court of the United States for the District of Porto Rico; Carlos Franco Soto, Judge.

Francisco I. Gatell, trustee, appeals from an order of the District Court in favor of Antonio Arzuaga Millian. Affirmed.

Harry F. Besosa, of San Juan, Porto Rico, for appellant.

Henry G. Molina, of San Juan, Porto Rico (Leopoldo Feliu, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. [1] The referee in bankruptcy was without jurisdiction to restrain the prosecution of the proceeding in the District Court of Humacao, and his order to that effect was null and void, as such restraining order could only be issued by the United States District Judge. Metcalf v. Barker, 187 U. S. 165, 176, 23 S. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; General Order in Bankruptcy, XII (3).

[2] The attachment made more than four months prior to the filing of the petition in bankruptcy created a valid lien. Yumet & Co. v. Delgado, 243 F. 519, 156 C. C. A. 217. The judgment, execution, and sale of the attached land within the four months and prior to the filing of the petition in bankruptcy were in enforcement of the lien acquired prior to the four months' period, and were valid notwithstanding the subsequent adjudication. Metcalf v. Barker, supra; Yumet & Co. v. Delgado, supra.

The appellee having, on the record before us, acquired all the rights of the execution creditor and purchaser at the sale became the owner of the land with the right of immediate possession, and the District Court was right in ordering the trustee forthwith to surrender possession to the appellee and to abstain from interfering with her therein.

[3] There can be no doubt as to the power of the District Court, on petition of the appellee (the real owner), to order the trustee to surrender the possession which the trustee had taken, and this without regard to whether the proceeding was summary or plenary.

The decree of the District Court is affirmed, with costs to the appellee.