were not imposed. The act of Congress under which the indictments were obtained provides as a penalty for each violation a fine of not more than $5,000 or imprisonment for not more than five years, or both.

The petitioner contends that a gross or general sentence upon all the counts in an indictment without specifying the penalties imposed upon the defendant upon each count is defective and void as to that portion of the sentence that exceeds the limit fixed by act of Congress, and cites in support of this contention the case of United States v. Peeke, 153 F. 166, 12 L. R. A. (N. S.) 314, decided by the Circuit Court of Appeals for the Third Circuit.

The great weight of authority in the federal courts holds that such sentences are not void and that a general or gross sentence may be imposed under an indictment containing more than one count so long as it does not exceed the aggregate of the punishments which could have been imposed upon the several counts. Ex parte DeBara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Hyde v. United States (C. C. A.) 198 F. 610, 613; Myers v. Morgan (C. C. A.) 224 F. 413; Brinkman v. Morgan (C. C. A.) 253 F. 553; Neely v. United States (C. C. A.) 2 F.(2d) 849; Feigin v. United States (C. C. A.) 3 F.(2d) 866; Rice v. United States (C. C. A.) 7 F.(2d) 319; Adams v. White, Warden (C. C. A.) 31 F. (2d) 982; Flynn v. United States (C. C. A.) 57 F.(2d) 1044.

The foregoing decisions have so well settled the law in the federal courts with respect to the question raised by the petitioner that a further discussion of the case is rendered unnecessary, and the petition will be dismissed.

And now, June 21, 1933, the petition for a writ of habeas corpus is dismissed, and the rule granted thereon is discharged.

### In re AKER.
### No. 4545.

District Court, D. Idaho.
June 22, 1933.

Ralph H. Kurlbaum, of Amsterdam, N. Y., for petitioner.

Oppenheim & Lampert, of Boise, Idaho, for petitioning debtor.

CAVANAH, District Judge.

The petitioner, a resident of Idaho engaged chiefly as housewife, files her petition under section 74 of the amendment to the National Bankruptcy Act approved March 3, 1933 (11 USCA § 202), stating that she is insolvent and unable to meet her debts as they mature and desires to effect a composition or extension of time to pay her debts. A schedule containing an inventory of all the property and debts is attached to the petition and in which the Amsterdam Savings Bank, mortgagee, holds a mortgage in the sum of $3,000 against certain real property situate in the county of Montgomery, state of New York, and prays for an order enjoining the bank from proceeding further in the foreclosure of the mortgage. It is further set forth that the bank about May 20, 1933, instituted the foreclosure action, and, unless restrained, the bank will proceed to obtain a decree foreclosing all of her rights and title in the property without redemption. The amended act provides for the filing of such petition, and grants power to the court to enjoin secured creditors who may be affected by the extension from proceeding in any court for the enforcement of their claims until the extension has been confirmed. The bank appeared by filing its answer and affidavits upon which it submits its contentions. Upon the hearing the evidence in substance discloses that the bank holds a mortgage in the principal sum of $3,000 and interest upon the real estate in question situate in Montgomery county, state of New York; that under an arrangement between the petitioner and the bank the bank was authorized to rent and collect the rent of the premises and apply it upon its mortgage debt. It collected the sum of $145.50 as rental, and has applied that amount upon its interest and taxes paid.

The amount of the delinquent taxes was $156.60 and the amount of interest due is $82.50. The testimony of the petitioner shows that the bank applied out of the rents collected $88.13 as interest, $4.75 on repairs on the premises, and $14.55 as commission charged for collecting the rent, making a total of $107.43.

The evidence further discloses that at the present time the tenants are unable to pay the rent. After deducting the amount collected as rental of $145.50 from the total amount of $3,239.10, which represents the principal and interest of the mortgage and taxes, there is a balance of $3,093.60 due the bank upon the indebtedness of the petitioner. It seems the taxes for the present year have not been paid. Now the question arises as to whether the petitioner should be granted an extension of time under the act in which to pay the indebtedness of the bank, and, as there will only accumulate in addition to the principal a sum covering the interest and taxes for the year 1933, which will not, under the evidence, exceed the value of the property securing the same, it would seem that the purpose of the amendment to the National Bankruptcy Law applies to such a case as this, and the prayer for a restraining order will be granted in which the Amsterdam Savings Bank is enjoined from proceeding further as prayed for in the petition, until the 1st day of December, 1933.

### CREW v. UNITED STATES.

No. 2175.

District Court, W. D. Louisiana, Alexandria Division.

June 13, 1933.

K. Hundley and Ben F. Thompson, Jr., both of Alexandria, La., for plaintiff.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La., for the United States.

### DAWKINS, District Judge.

This is another suit upon an alleged policy of war risk insurance by the plaintiff, as tutrix for her minor children. The government has moved to dismiss upon the ground that the court is without jurisdiction for the reason that the period allowed by the last Act of Congress for filing such claims had expired before the suit was filed. However, section 445 of title 38, U. S. C. (38 USCA § 445), contains the proviso that the period of limitations shall only apply as to infants, insane persons, etc., after three years have elapsed from the removal of their disabilities. There seems to be no qualification and I am unable to find any decisions construing this provision of the act. In so far as the right to sue is concerned, the disabilities were removed with the appointment of the tutrix a few days prior to July 3, 1931, when the act went into effect. This suit was filed in April, 1932, well within the three-year period applying to infants and other incapacitated persons; hence I am of the view it was timely.

The exception will, therefore, be overruled.