## In re CORSO.

District Court, S. D. New York.
June 11, 1935.

Cosor & Cosor, of Woodridge, N. Y., for petitioner.

Ellsworth Baker, of Monticello, N. Y., for Bankrupt.

HULBERT, District Judge.

In October, 1928, Giacomo Corso purchased from Samuel Lenner and his wife a 110-acre farm at Glen Wild, Sullivan county, N. Y., for $14,000. A down payment of $3,000 in cash was made, and the purchaser negotiated a loan of $3,500 on his bond, secured by a first mortgage lien upon said premises, the proceeds of which loan were paid to Lenner, in whose favor Corso also executed a bond and purchase-money second mortgage to secure the balance of $7,500. The vendee also acquired the farm implements, 10 head of cattle, and some household furniture upon which he gave Lenner a chattel mortgage as further security for said indebtedness.

The debtor claims to have made payments aggregating about $2,500 so that Lenner has received in all $9,000 cash out of the sale of his farm.

About October 24, 1934, Mr. and Mrs. Lenner brought suit in the county court of Sullivan county for the foreclosure of said mortgage, and judgment of foreclosure and sale was entered on March 13, 1935, and a referee was therein appointed and advertised said property for sale on April 29, 1935.

Some time in 1934 Corso filed a petition in this court pursuant to section 75 of the Bankruptcy Act (as amended [11 USCA § 203]). At that time he was residing in the borough of Brooklyn, with his wife and family, pursuing his trade as a barber, and upon a motion to dismiss said petition the court held that neither Corso nor his wife was a "farmer" within the meaning and purpose of said act and dismissed the petition (January 21, 1935; clerk's file No. 61031). No request or effort seems to have been made to amend that petition, but the debtor thereafter filed another petition under section 74 of said act (as amended [11 USCA § 202]), which was approved as

properly filed and reference was had to one of the referees in bankruptcy in this court to take further proceedings as required by the statute, and fixed the first hearing before said referee on April 9, 1935. The record before me does not indicate what transpired at or with reference to said meeting, but on April 24, 1935, the referee made an ex parte order restraining and enjoining the plaintiffs in said action "from maintaining and continuing" the same "pending the conformation (sic) or other disposition of the composition or extension proposed to the court and pending further order or disposition of the court."

The matter came before me on a motion to vacate said order, was submitted, and an indorsement later made upon the papers denying the motion, but upon an examination of the file for the purpose of writing a memorandum in connection therewith, notwithstanding statements made in the papers, it was disclosed that the petition herein was not filed until April 2, 1935, and the court, upon its own motion, directed the attorneys for the respective parties to appear upon a reargument.

 The order of the referee must be vacated. He was without power to make it. General Order 12, par. 3, 11 USCA following section 53; Gatell v. Millian (C. C. A. 1) 2 F.(2d) 365. The district judge might, in effect, make the order of the referee his own, but this will not be done.

 The judgment of foreclosure in the state court is a final judgment. Morris v. Morange, 38 N. Y. 172; Bondy v. Aronson & List Realties, 227 App. Div. 136, 237 N. Y. S. 444; section 1082, N. Y. Civil Practice Act.

 Section 74 of the Bankruptcy Act (subdivision m, and subd. n, as amended by Act June 7, 1934, § 2, 11 USCA § 202 (m, n), provides:

"(m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a deed of trust or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings; Provided, *that it shall not affect any proceeding in any court in which a final decree has been entered.* * * *" (Italics mine.)

"(n) In addition to the provisions of section 29 of this title for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, *may* enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

While the court has the power to stay a pending foreclosure suit before final judgment, it was said In re Aker (D. C.) 3 F. Supp. 1022, 23 A. B. R. (N. S.) 105, that such foreclosure proceedings might be enjoined only where the principal of the debt and accrued interest and taxes will not exceed the value of the mortgaged property.

In schedule B attached to the petition filed by the debtor, he states the value of the mortgaged property is $6,000 and the balance due thereon is in excess of $8,000 on the second mortgage.

If the debtor's claims to substantial improvements made by him (while neglecting his duty to pay taxes and interest) be true, it may be a hardship upon him, but efforts to adjust the controversy have been unavailing, and if the court had any power to act under subdivision (n) § 74 (11 USCA § 202 (n), above quoted, the debtor has not earned a right to consideration, because during the time this motion has been pending he has not sought to bring his proposal for an extension on for consideration.

With some reluctance, the plain provisions of the statute must be followed. Order of the referee vacated and set aside.