## In re WEISER.

District Court, S. D. New York.

May 3, 1937.

Rubin Cohen, of New York City, for plaintiffs in actions in state court.

Asher Zeide, of Rockaway Beach, N. Y., for bankrupt.

PATTERSON, District Judge.

The bankrupt applied to one of the referees for an order staying two actions brought against him in the state court. No notice of the application was given to the plaintiffs in the actions. The referee granted the application and stayed the plaintiffs in each case from proceeding further until the bankrupt's petition for discharge should be determined. The plaintiffs ask that the referee's order be vacated.

The referee's order staying the suits in the state court was beyond his power. General Order 12, 11 U.S.C.A. following section 53, dealing with the duties of referees, provides in paragraph 3 that "applications * * * for an injunction to stay proceedings of a court or officer of the United States or of a State, shall be heard and decided by the judge." The effect is that an application to stay proceedings brought against a bankrupt in a state court may not be entertained by a referee. In re Siebert, 133 F. 781 (D.C.N.J.); Gatell v. Millian, 2 F.(2d) 365 (C.C.A.1); In re Corso, 11 F.Supp. 173 (D.C.N.Y.). See, also, In re Steuer, 104 F. 976, 980 (D.C. Mass.); McGonigle v. Foutch, 51 F.(2d) 455, 459 (C.C.A.8). The referee's order staying the suits was jurisdictionally void and should be vacated.

It may be noted that the suits in the state court are on causes of action for deceit, so that even if the referee had power to make the order it was erroneous.

The applications to vacate the referee's order will be granted.