## TUFTS et al. *v.* CARRADINE et al.

An attachment gives a privilege to the creditor on the property attached. C. P. 264, 265. An attachment is given with express reference to a future judgment and an execution thereon; and the seizure under the execution relates back to the date of the attachment, and gives effect to the privilege from that time. And where several attachments are levied on the same property on the same day, though at different times, the order of the seizure determines the right of priority. C. P. 723.

The general rule that, the law admits of no fractions of a day, is subject to numerous exceptions. There are cases in which the law expressly forbids the different hours of the same day from being recognized as affecting the rights of parties; but the prohibition must be confined to the cases enumerated.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Lockett* and *Goold*, for the appellants, cited Gilbert on Execution, pp. 15, 55. 3 Co. Litt. 135 B, p. 357, Thomas ed. 1 Coventry & Hughes' Dig. p. 436. 4 Dallas, 321. 1 Nott & McCord 405. 8 Johns. 349. *Prentiss* and *Finney*, for the defendants, cited C. P. 723, 265. 1 Cowen 592. 1 Lord Raymond, 251. 3 La. 178. 15 La. 461. 8 Mart. 511. The judgment of the court was pronounced by

KING, J. Five attachments were issued at the suit of different creditors, and were all served on the same day, but at different hours, upon funds of the defendants in the hands of *Winston*, a garnishee. The attachment issued by the plaintiffs, *Tufts & Hobart*, was the last served; that of the appellees, *Wills, Wingfield & Co.*, the first served. *Tufts & Hobart* obtained the first judgment, and issued a *fieri facias*, in virtue of which the funds attached were levied upon. The garnishee declined paying over the money in his hands to the sheriff, on the ground that it had been seized under attachments in four other suits. *Tufts & Hobart* thereupon took a rule upon the plaintiffs in the four other attachment suits, to show cause why the former should not be first paid out of the funds in the hands of the garnishee. The district judge determined that the creditors acquired privileges in virtue of their attachments, and were to be paid by preference in the order in which their several attachments were levied, and the plaintiffs have appealed.

In relation to the facts there is no controversy. It is admitted that the attachment of the appellees was made an hour prior to that of the plaintiffs. The latter contend that our law creates no privilege in favor of the attaching creditor, but in express terms invests the creditor with a privilege on the property seized under a *fieri facias*; and that they acquired this privilege in virtue

of their levy under execution, which cannot be superseded by the attachments. They further contend that, a day is considered in law as indivisible, and, if a privilege exists in favor of attaching creditors, all seizures made on the same day will be deemed simultaneous, and stand on an equal footing.

1. It is true that the term privilege does not occur in the 264th and 265th articles of the Code of Practice relied on by the appellees; nor was the use of that term indispensable in establishing a privilege. A lawful cause of preference is declared, which is equivalent to the use of the technical term. C. C. 3151. This interpretation was given to those articles in the case of *Emerson* v. *Fox et al.*, 3 La. 178; and we think that it is supported, as well by the letter of the law, as by the reasons upon which the right is founded.

We are not aware that the question of priority established between seizures, either under attachments or writs of *fieri facias*, when made at different hours of the same day, has hitherto been presented to the court of the last resort in this State. We think that the question admits of but little doubt. The 723d article of the Code of Practice provides that, "when several successive seizures are made of the same property, the creditors making them are entitled to a preference over other ordinary creditors according to the order of their seizures." Seizures made on the same day, are not excepted from the operation of the rule. The order of the seizures determines the right of priority. The conservatory measure of attachment being given with express reference to a future judgment and an execution thereon, is necessarily governed by the same rule. The seizure under the execution relates back to the date of the attachment, and gives effect to the lien from that time.

It has been repeatedly held that, the general rule that the law admits of no fractions of a day, is a mere legal fiction; that it is subject to numerous exceptions; and that, whenever it becomes necessary to determine who of several persons has a priority of right, time may be distinguished with accuracy. In the case of *Callihan* v. *Hallowell*, 2 Bags. S. C. Rep. p. 9, the court said that : " Time is in its nature essentially divisible from years down to hours and minutes; a minute therefore will give priority as essentially in point of time, as a year or a day." The court, in its opinion, refers to the case of *Combe* v. *Pitt*, 3 Burr. Rep. 1423, 1434, in which Lord Mansfield said: "But though the law does not in general allow of the fraction of a day, yet it admits it in cases where it is necessary to distinguish. And I do not see why the very hour may not be so too, when it is necessary, and can be done; for it is not like a mathematical point, which cannot be divided." See also *Simon* v. *Statts*, 1 Wendell's Rep. p. 593. 11 Johnson's Rep. 229. Opinion of Mr. Justice Story in *The Matter of Joseph Richardson et al.*, Law Reporter, vol. 6, p. 397. In no class of cases have the subdivisions of the day been more frequently recognized than in the conflicting rights growing out of the institution of judicial proceedings, and the execution of writs, from which preferences result. There are cases in which our laws expressly forbid the different hours of the same day from being recognized, as affecting the rights of parties, as in the instance of the inscription of mortgages; but the prohibition must be confined to the cases enumerated, and must be considered as an admission that the rule would be otherwise in the absence of an express enactment.

*Judgment affirmed.*