In re BLAIR.

(District Court, D. Massachusetts. April 30, 1901.)

No. 4,538.

BANKRUPTCY—AVOIDANCE OF LIENS—ATTACHMENTS.

An attachment on mesne process under the statutes of Massachusetts, which creates a lien, under the decisions of the courts, enforceable, however, only by obtaining judgment and issuing execution thereon within a limited time, is not discharged, under Bankr. Act 1898, § 67f, by the filing of a petition in bankruptcy against the defendant more than four months after such attachment was levied, although the judgment was not obtained until within the four months; nor are the judgment and execution issued thereon rendered void by such section, since they do not affect with a lien the property attached, but only enforce the lien already existing, and which, having attached more than four months before the filing of the petition, is, by necessary implication, preserved by the act.

In Bankruptcy. On certificate of referee.

W. F. Kimball, for creditor.

William A. Knowlton and Samuel O. Reinstein, for bankrupt.

LOWELL, District Judge. In this case the personal property of the bankrupt was duly attached on mesne process in this commonwealth more than four months before the filing of the petition in bankruptcy. Thereafter, and within four months before such filing, judgment was entered against the bankrupt, execution was taken out, and a levy was made. The petitioner contended that the judgment, execution, and levy were avoided by section 67f of the bankrupt act; and the question here presented concerns the effect of that subsection upon a Massachusetts attachment made more than four months before the filing, when the execution and levy were within such four months. The material part of the subsection reads as follows:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months

108 F.—34

prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

In Re De Lue (D. C.) 91 Fed. 510, it was said that the provisions of section 67f were limited to involuntary bankruptcy. The remark was hastily made, both counsel in that case having agreed in argument upon that construction of the section. It was clearly erroneous, and has long been treated in this district as overruled. Section 67f avoids certain liens, if created within four months. This is its object. It does not avoid judgments or levies, except so far as these create a lien. In re Kavanaugh (D. C.) 99 Fed. 928; In re Lesser, 5 Am. Bankr. R. 320, 324.[1] It releases the property affected by levies, judgments, and attachments, so far as these create a lien. Now, an attachment, in and of itself, and without further proceedings, creates a lien in Massachusetts. This has been decided by the supreme court of the United States in Peck v. Jenness, 7 How. 612. With this decision agrees that of the supreme court of Massachusetts in Davenport v. Tilton, 10 Metc. (Mass.) 320; and, if it be possible that these concurrent decisions leave a doubt in the matter, that doubt is resolved by the present bankrupt act, which itself speaks of attachments as liens. If any attachment creates a lien, then no doubt this is such an attachment. Hence, if the attachment be made more than four months before the petition is filed, the attachment and the lien which it creates are both preserved, by necessary implication, as against the operation of the bankrupt act. If, therefore, the plaintiff had here permitted his suit to stand without proceeding to judgment, his attachment would necessarily have remained a lien upon the property attached until dissolved by some proceeding outside of bankruptcy. It is urged that whatever be the lien created by an attachment, standing alone, that lien cannot be enforced by judgment entered or levy made within four months of the filing of the petition. Where, however, the lien is created by the attachment, the judgment and levy create no new or additional lien, but only enforce a lien already existing. Hence in this case the levy and execution did not affect the property attached with a lien avoided by the bankrupt act, but only enforced a lien already existing, which lien the bankrupt act expressly protected. The meaning of the subsection appears to be this: Under some circumstances, all liens obtained through legal proceedings are avoided, in whatever part of the suit or by whatever form of proceeding they are created. If the lien is created by the levy, then the lien of the levy is avoided; if created by the judgment, then the lien of the judgment is avoided; if created by the attachment, then the lien of the attachment is avoided; but, if the lien created by the attachment is saved, that lien may be enforced by appropriate proceedings, even though such proceedings include a judgment and levy made within the limited time. I am aware that this decision is in substantial conflict with In re Lesser, 3 Nat. Bankr. N. 361, 108 Fed. 201. With the utmost respect for the learned and distinguished judge who

[1] Case certified to supreme court, and opinion withdrawn.

decided that case, I find myself unable to agree with him. The larger part of his opinion is devoted to establishing that an attachment does not create a true lien, but the argument appears to me answered by the cases above cited, and by the express language of the subsection under consideration. Section 67f declares, in substance, that an attachment is a lien, and that, if an attachment is made more than four months before the filing of the petition, the lien created by the attachment is preserved. In Re Lesser, 5 Am. Bankr. R. 320, the circuit court of appeals for the Second circuit held that a so-called equitable lien obtained under the law of New York by the commencement of a creditors' suit in equity was avoided by section 67f, though the creditors' bill was filed more than four months before the filing of the petition. The nature of a lien created by state law is ordinarily to be determined by the courts of the state. Doubtless the circuit court of appeals correctly followed the state courts of New York in determining the effect of filing a creditors' bill. Of this so-called lien, the court of appeals said at page 324:

"It is sometimes called an inchoate lien, or a contingent lien, but it is not a right in, or a right to hold, a particular article of property. It is not like the lien obtained by the attachment of personal property in an action at law by virtue of which a sheriff obtains either actual or constructive possession of the property attached, and in such a case the lien is not obtained by the judgment, but by the attachment, and we are not now prepared to say that if the judgment is rendered within four months after the petition in bankruptcy is filed that the lien by attachment is vacated."

It was urged in argument that the act of the bankrupt in failing to dissolve the attachment and permitting the sale of the property attached would be the suffering of a creditor to obtain a preference, under section 3a (3) of the bankrupt act, although the attachment was made more than four months before the petition in bankruptcy was filed. Manufacturing Co. v. Stoever, 38 C. C. A. 200, 97 Fed. 330. It was further argued that, if the creditor thus obtained a preference, that preference would be voidable, under section 60b. It is not easy to reconcile all the language concerning preferences and liens in the bankrupt act, but the argument thus drawn from sections 3 and 60 does not appear to me strong enough to meet the language and plain implication of section 67f. In Manufacturing Co. v. Stoever, above cited, it was said by the circuit court of appeals for this circuit:

"In order to prevent any misapprehension, we will add that the question whether or not the attaching creditor acquired a valid lien as against these proceedings in bankruptcy is not in issue on this appeal."

The decision rendered by the referee, expressly following In re Lesser, 3 Nat. Bankr. N. 351, 108 Fed. 201, is reversed, and the injunction issued by him is dissolved. Of course, the judgment cannot be enforced against the bankrupt personally.