## In re E. MATTHEWS & SONS.

### (District Court, E. D. New York. April 30, 1908.)

#### BANKRUPTCY—LIENS—RECEIVERSHIP UNDER NEW YORK STATUTE.

Several months before the bankruptcy of a debtor a judgment creditor had an execution issued and placed in the hands of a sheriff, which was later and within four months prior to the bankruptcy returned nulla bona, and shortly thereafter a receiver was appointed in supplementary proceedings under the New York statute, who sold certain property and had the proceeds in his possession at the time of the bankruptcy. *Held*, that conceding that the judgment creditor had an equitable lien under Code Civ. Proc. N. Y. § 1405, while the execution was in the hands of the sheriff, it was lost when the execution was returned, and the state court receiver's lien did not relate thereto, nor back of his appointment, and that, if the debtor was then insolvent, such lien was avoided by the bankruptcy proceedings under Bankr. Act July 1, 1898, § 67f, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), and the property passed to the trustee.

In Bankruptcy.

Lincoln B. Haskin, for judgment creditor.
Harry W. Moore, for petitioning creditors and trustee.
Maxson & Jones, for bankrupts.

CHATFIELD, District Judge. During the year 1906 the petitioner obtained judgments against each of the bankrupts herein, and in January, 1907, another creditor obtained a third judgment against the bankrupts jointly in the courts of Nassau county, in this state. Execution was issued to the sheriff of Nassau county upon one of these judgments in the month of January, 1907, but no levy was made, and during the month of November this execution was returned nulla bona. Some two days after the return of the execution an order was made, after an examination in supplementary proceedings, appointing a receiver. Subsequently an order was made extending this receivership to the first of the three judgments, and then to the third. The receiver thus appointed by the state court obtained authority in the three cases during the month of December, 1907, and levied upon certain property of the judgment debtor, some of which he still holds, and some of which he has sold, obtaining therefor about $1,400, which is now in his possession. On the 8th day of January, 1908, a voluntary petition in bankruptcy was filed in this district, and upon adjudication a trustee was elected who obtained an order directing the receiver in the state court proceedings to turn over the property in his hands.

The present application, on an order to show cause with an accompanying stay, is to vacate the order previously made, directing the turning over of this property to the trustee, and two grounds are urged in behalf of the application. The judgment creditor claims, first, that the lien obtained by the receiver, under which the sale of the property was had, was not acquired within four months of the filing of the petition in bankruptcy, even if it be assumed that the bankrupt was insolvent throughout the entire four months. The determination of this proposition involves a decision not only as to the character of the lien, if any, which the receiver had after his appointment, but also the effect of the executions while in the hands of the sheriff. If the

creditor did not obtain a lien until the appointment of a receiver, then this lien would be invalidated by the filing of the petition in bankruptcy, under the provisions of section 67f of the bankruptcy law. Act July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450). If, on the other hand, the lien was in existence, either equitably or legally, prior to that time and before the period of four months antecedent to the filing of the petition, and if the appointment of the receiver and his taking possession were merely incidents of enforcing that lien, then the situation would be similar to that in the case of Metcalf v. Barker, 187 U. S. 165, 23 Sup. 67, 47 L. Ed. 122. The application of this doctrine is plainly set forth in the case of In re Blair (D. C.) 108 Fed. 529, and a number of cases therein cited, but the doctrine depends entirely upon a determination that a legal or equitable lien had actually been acquired more than four months previous to the bankruptcy, and that this lien had continued in existence so that the title under the lien of the person claiming the property would have existed more than four months before the petition was filed. The cases of In re Lengert Wagon Co. (D. C.) 110 Fed. 927, and In re Knight (D. C.) 125 Fed. 35, more nearly apply to the present situation. It is unnecessary to make an exhaustive examination of the title conferred under the bankruptcy statute, as the Knight Case contains a reasonably complete discussion of the question, and cites many of the cases bearing thereon.

It may be admitted that under the provisions of the New York Code of Civil Procedure (section 1405) the creditor had an equitable lien while an execution was in the hands of the sheriff, and it may also be admitted that the title of the receiver relates back to the date of filing the order under which he was appointed (section 2468, Code N. Y.) to the extent of giving him an equitable lien, later perfected into a legal lien by the taking possession of the property. But in between the return of the execution on the part of the sheriff and the appointment of a receiver a space of time existed in which the judgment creditors had no lien upon the personal property of the judgment debtor. And, inasmuch as the re-establishment of any lien by means of the order appointing the receiver was within the period of four months prior to the bankruptcy, the provisions of section 67f of the bankruptcy law will apply, and the title of the trustee in bankruptcy is paramount, if insolvency existed on the day on which the receiver in supplementary proceedings was appointed. It is apparent from the affidavits used upon this motion that the bankrupts for a year or more prior to the filing of the petition in bankruptcy had been owing the creditors who obtained the various judgments. The only property shown by the papers is that in the hands of the state court receiver from a portion of which he has released the sum of $1,400.

It is admitted that the bankrupts were insolvent at the time of the filing of the petition, but no statement is made in any of the affidavits claiming or admitting insolvency at any time within four months prior to the filing of the petition, except such inference as can be drawn from the return of the execution. It may be assumed that if the receiver in the state court, or any other party to this proceeding, claims title to the property in his possession by raising an issue of fact, such

as the question of insolvency, at any particular time, this issue cannot be disposed of upon a motion, and it is unnecessary to determine whether suit could be brought by the trustee in any other forum than in the state court, if such an issue were raised. But the receiver in the state court having come into this jurisdiction, and raised a question of law upon admitted facts and upon the objections urged upon this motion, the trustee in bankruptcy is entitled to an order directing the receiver in the state court to turn over to him the property of the bankrupt estate.

The motion for a stay will accordingly be denied.