## JULIUS S. COHN & CO. et al. v. DRENNAN.

District Court, E. D. Louisiana.   May 10, 1927.

No. 2997.

1. **Bankruptcy ⊗⇒59—Essentials to involuntary adjudication are insolvency, permitting creditor to obtain perference by legal proceedings, and failing to have preference discharged (Bankruptcy Act, §§ 3a [3], 3b [Comp. St. § 9587]).**

Under Bankruptcy Act, §§ 3a (3), 3b (Comp. St. § 9587), elements necessary to sustain involuntary bankruptcy petition are insolvency of debtor, permitting creditor to obtain preference by legal proceedings, and failing, at least five days before sale or final disposition of any property affected by such lien, to have such preference vacated or discharged.

2. **Bankruptcy ⊗⇒200(3)—Property seized under attachment lien over four months before filing involuntary petition is not discharged because judgment is obtained within four months (Code Prac. La. art. 724; Bankruptcy Act, §§ 3a [3], 3b [Comp. St. § 9587]).**

Under Code Prac. La. art. 724, construed by state courts to give attaching creditor a lien under attachment which is imperfect until judgment, but after judgment recognized as relating back to date of service of writ, *held* that, where an attachment lien has existed over four months, property or money seized by garnishment or other mesne process is not discharged therefrom merely because judgment necessary for recognition and enforcement of lien is obtained within four months of filing of involuntary petition, in view of Bankruptcy Act, §§ 3a (3), 3b (Comp. St. § 9587).

In Bankruptcy.   Julius S. Cohn & Co. and others petition for an involuntary adjudication in bankruptcy of Ralph W. Drennan, alleged bankrupt.   Petition dismissed.

Lazarus, Weil & Lazarus and Eldon S. Lazarus, all of New Orleans, La., for petitioning creditors.

Louis Rosen and Charles Rosen, both of New Orleans, La., for William B. Kohlman.

BURNS, District Judge.   Plaintiffs seek an involuntary adjudication in bankruptcy of the defendant, Ralph W. Drennan, now an absentee from the state, alleging valid claims exceeding the requisite statutory amount, upon the ground that he is and was insolvent; that while insolvent he suffered or permitted one of his creditors to obtain a preference through legal proceedings and has made no move to vacate or discharge said preference; that in a suit No. 141667 of the docket of the civil district court for the parish of Orleans, entitled William B. Kohlman v. Drennan and Hillcoat et al., on May 25, 1923, the said Kohlman sued out a writ of attachment against Drennan as a nonresident; that in answer to garnishment

process, issued under the attachment, Hillcoat, defendant, admitted having in his possession $871.58 belonging to Drennan; that on April 22, 1925, Kohlman obtained judgment on his main demand against Drennan, maintaining his writ of attachment and the garnishment, and recognizing his lien and privilege under the writ, which was signed April 28, 1925; that Kohlman, in further proceedings, attempted to force Hillcoat, as garnishee, to turn the fund over to the sheriff to satisfy the judgment; and that Drennan has made no attempt to vacate or discharge the attachment lien.

The involuntary petition was filed here on May 5, 1925.   Kohlman filed an opposition to the involuntary petition, alleging that his lien had attached more than four months—two years, in fact—before his judgment was obtained, and that, whilst the judgment was obtained within four months of the involuntary petition, both the judgment and seizure thereunder related back to the date of the lien resulting from the issuance of the writ of attachment; that the sole purpose of the petitioning creditors is to obtain possession of the fund and deprive him of his lawful lien.

By an order of this court, dated May 23, 1925, a preliminary injunction issued, restraining Kohlman from further proceedings in execution of his judgment in the civil district court, where the fund was impounded in the hands of the civil sheriff pending decision of the issue raised by the opposition now submitted.

The petitioning creditors, by argument and brief, contend that the late District Judge (Honorable Charlton R. Beattie) had decided the issue made; that he had relegated Kohlman's claim to a privilege to be determined after adjudication.   A letter written by the judge, considered together with the interlocutory order referred to, convinces me that the issue was not decided at all by that order, which went no further than to stay proceedings in the state court by Kohlman and to impound the fund, which seems to be the only asset of Drennan, in the hands of the sheriff.

The petition in the case is founded upon section 3a (3) of the Bankruptcy Act (Comp. St. § 9587), which defines an act of bankruptcy as consisting in having "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having, at least, five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."   Section

3b provides that: "A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act."

[1] Under the jurisprudence, these elements are essentially necessary to sustain the petition: (a) The insolvency of the debtor; (b) the suffering or permitting of any creditor to obtain a preference by legal proceedings; and (c) failing, at least five days before a sale or final disposition of any property affected by such lien, to have such preference vacated or discharged. Citizens' Banking Co. v. Ravenna Bank, 234 U. S. 360, 34 S. Ct. 806, 58 L. Ed. 1352.

[2] The first and third elements are admittedly present. As to the second, however, Kohlman contends that his lien arose and became subsistent as of the date of the writ of attachment, which was May 25, 1923, and not as of date of the final judgment recognizing his lien, which was April 28, 1925; whereas the petitioning creditors contend that the lien arose out of the judgment and on the latter date.

Article 724 of the Louisiana Code of Practice provides: "Provisional seizures [meaning attachment] and sequestration give no privilege to those who have made them, until they have obtained a judgment and order of execution on the property sequestered or provisionally seized."

This article has been consistently held to mean that the lien arising from the attachment is imperfect until judgment, but from and after judgment it is recognized as relating back to the date of service of the writ. Lucien Harris v. H. G. Andrews & Co., 20 La. Ann. 561; Tufts v. Carradine, 3 La. Ann. 430.

The lien itself, however, does not result from or arise out of the judgment; otherwise the effect would be to place it upon the same plane of priority with an ordinary judgment lien or judicial mortgage. It arises primarily out of the attachment and upon the service of that writ. It is effective as of the date of service. Judgment upon the main demand, in so far as it affects the lien, merely recognizes it as a valid pre-existing privilege or right to priority arising in favor of the diligent creditor.

When such a lien, created by an attachment, has been subsistent beyond four months, the property or money seized by garnishment or other mesne process is not discharged therefrom simply because the judgment necesssary for its recognition and enforcement comes of a date within four

months of a date when less diligent creditors elect to file bankruptcy proceedings. Metcalf v. Barker, 187 U. S. 165, 174, 23 S. Ct. 67, 47 L. Ed. 122; In re Blair (D. C.) 108 F. 529; Yumet v. Delgado (C. C. A.) 243 F. 519; Gatell v. Millian (C. C. A.) 2 F.(2d) 365; In re McGraw (D. C.) 254 F. 446; Colston v. Austin Run Mining Co. (C. C. A.) 194 F. 929.

From the face of the petition it appears, therefor, that Drennan has not committed the act of bankruptcy alleged by suffering or permitting one of his creditors to obtain a preference within four months of the filing of the petition herein.

Accordingly, the opposition of William B. Kohlman is sustained, and there will be a decree dismissing plaintiffs' petition at their cost.