## WEITZEL FLOORING CORPORATION et al. v. GETZ.

Circuit Court of Appeals, Third Circuit.
March 7, 1929.

No. 3931.

Joseph K. Willing, of Philadelphia, Pa., for appellants.

Bertram K. Wolfe, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree dismissing a creditors' petition in bankruptcy. Two creditors filed a petition in bankruptcy, in which it was alleged that the total number of creditors was less than 12 and that the bankrupt had committed the following act of bankruptcy:

"Your petitioners represent that the said Max F. Getz while insolvent and within the next four months next preceding the date of the filing of this petition committed an act of bankruptcy in that he did, on December 13, 1927, suffer a judgment to be entered against him for failure to file an affidavit of defense to a statement of claim served upon him by the Weitzel Flooring Corporation wherein there was set forth its claim against the said Max F. Getz for $2,500.00 with interest due on two promissory notes in the sum of $800 and $1,700 respectively. Said judgment was entered as of common pleas No. 2 (Philadelphia county), December term, 1927, No. 608. Said judgment has not been vacated, discharged, or satisfied, and more than thirty days have elapsed since the entry of said judgment."

The alleged bankrupt moved to dismiss the petition, on the ground that it "fails to aver an act of bankruptcy." The motion was allowed, and the petition dismissed.

The amendment of May 27, 1926 (44 Stat. 662), to the Bankruptcy Act of 1898 (30 Stat. 544) contains a new act of bankruptcy. This new act provides that the acts of bankruptcy by a person shall consist of his having "(4) suffered, or permitted, while insolvent, any creditor to obtain through legal proceedings any levy, attachment, judgment, or other lien, and not having vacated or discharged the same within thirty days from the date such levy, attachment, judgment, or other lien was obtained." Section 3a(4), 11 USCA § 21(a)(4).

The facts are not fully set out in the record, but, as we understand them, the arguments and opinion below are predicated upon the assumption that the judgment pleaded was not a lien on the property of the bankrupt. The appellants contend that it makes no difference whether or not it was a lien. It was a "judgment" against him and comes within the terms of the act. After arguing his contention, counsel says: "We therefore respectfully submit that whether a judgment is a lien or not is immaterial so far as the fourth act of bankruptcy is concerned. To suffer a judgment to be entered without vacating it is to commit an act of bankruptcy."

On the contrary, counsel for appellee says: "A natural reading of the phrase in question certainly indicates that only such levies, attachments, and judgments as are liens were meant to be included" in the word "judgment" in this new act of bankruptcy. The question before the District Court [25 F.(2d) 773], therefore, and the question before us, is whether or not a person, who, while insolvent, permits a "judgment" to be entered against him, which is not a lien on his property, and does not have it vacated or discharged within 30 days from the date of the entry thereof, commits an act of bankruptcy within the meaning of section 3a(4) of the act.

Before the amendment of 1926 a creditor might obtain a lien against a person, and not proceed under it for four months, when it would ripen into a legal preference. Another creditor in many cases was powerless to prevent this, for before this amendment an insolvent debtor did not commit an act of bankruptcy, rendering him subject to involuntary adjudication, by mere inaction for a period of four months after levy of an execution upon his real estate. Citizens' Banking Co. v. Ravenna National Bank, 234 U. S. 360, 34 S. Ct. 806, 58 L. Ed. 1352. The amendment was intended to prevent this. The report of the Senate judiciary committee states with reference to this new act of bankruptcy that: "The amendment is for the purpose of preventing a creditor from obtaining a lien and holding it without proceeding to a sale under it until it ripened into a preference." This amendment enabled any other creditor, after 30 days from the entry of the judgment, to file a petition in bankruptcy against the debtor, and thus prevent the judgment from becoming a legal preference, which, however, could result only if the bankrupt had real estate upon which the judgment would become a lien. The word "other," used in defining the fourth act of bankruptcy, in connection with the words "levy, attachment, judgment, or other lien," implies that the Congress had in mind, when it used the word "judgment," such a judgment as would become a lien on real estate, and so a legal preference, unless vacated or discharged within 4 months. Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586.

The appellants, however, raise the question in their paper book that, since this is a motion to dismiss the petition in bankruptcy, the court cannot dismiss without finding as a fact that the appellee did not have any real estate upon which the judgment would operate as a lien, and say that "there were no depositions taken, and therefore no basis on which the court might find as a fact that the debtor did not own any real estate."

As above stated, it was our understanding at the argument that the debtor does not have any real estate. The case proceeded on this theory in the court below, and the opinion of the learned District Judge was predicated upon this assumption. However, he gave the appellant an opportunity to allege and establish that the debtor did have real estate at the time the judgment was entered. At the conclusion of the opinion, he said: "If the facts in this case are really within the meaning of the statute thus construed, the petitioners should be permitted to so aver. Ten days will be allowed for amendment, and in default of such amendment, the petition will be dismissed." They did not amend their petition and allege that he had real estate, but appealed and argued the case here without making such allegation.

If, however, the District Court was in error in its assumption, and the argument before that court and this court was based upon an assumption contrary to fact, a reargument should be had upon definite allegations as to the real fact, so that the opinion of this court as well as that of the District Court may be corrected, and not be based upon a nonexisting fact. But if we and the District Judge correctly understand the fact, that the alleged bankrupt does not have any real estate, further proceedings based upon vague intimations that he may have, would be improper practice.

The decree of the District Court is affirmed.