## In re LEVERICH.
### No. 181.

Circuit Court of Appeals, Second Circuit.
February 3, 1930.

Forrest S. Chilton, of Brooklyn, N. Y., for appellant.

Abram Glaser, of New York City, for appellees.

Before MANTON, L. HAND, and MACK, Circuit Judges.

PER CURIAM. An involuntary petition in bankruptcy, filed against this alleged bankrupt, was answered by a creditor, the appellant, and after a trial there was an adjudication in bankruptcy. The petition in involuntary bankruptcy was filed May 1, 1929, and more than four months prior thereto, December 5, 1928, the state Supreme Court appointed a receiver in proceedings supplementary to execution on a judgment obtained against the bankrupt by a creditor. At the time the bankrupt owned a third interest in real estate, in the borough of Brooklyn, New York City, subject, at the time of the appointment of the receiver, to the life interest of his father. He owned some shares of stock, amounting to $1,250, and had an interest in a trust fund then being administered in the Surrogate's Court of Kings County, amounting to $246,669, and an income thereon, which was likewise subject, at the time of the appointment of the receiver, to the life interest of his father. His father died December 22, 1928. The petition was pending at the time of the bankruptcy for the settlement of an intermediate account of the trustee.

From the time of the appointment of the receiver in supplementary proceedings until the filing of the petition in bankruptcy, other judgments were obtained, amounting to $108,560, and, in proceedings supplementary to execution on these judgments, orders were made extending the receivership in favor of the various judgment creditors instituting such proceedings.

The petition in bankruptcy, as amended, alleged that, while insolvent, the bankrupt suffered or permitted certain of his creditors to obtain, through legal proceedings, certain judgments or liens, and did not vacate or discharge the same within 30 days from the date when such judgments or liens were obtained. This allegation was sufficiently proved at the trial, and it was likewise established that a receiver was appointed within the four months, and that the bankrupt was insolvent at the

time of such appointment. None of the judgments or judgment liens were vacated or discharged. The amendment of May 27, 1926, to the Bankruptcy Act of 1898 (11 USCA § 21(4), contains an additional act of bankruptcy, which provides that it is an act of bankruptcy for a person to suffer or permit, while insolvent, "any creditor to obtain through legal proceedings any levy, attachment, judgment, or other lien, and not having vacated or discharged the same within thirty days from the date such levy, attachment, judgment, or other lien was obtained."

So here, as each judgment was docketed after January 1, 1929, and the receivership extended for its benefit, the creditor obtained "through legal proceedings" a lien upon the personal property. As there were enough free personal assets to satisfy some, at least, of the judgments docketed after January 1st, these creditors secured a preference within four months, and we need not decide whether the lien of the judgments upon the real property, already incumbered to its full value, was also within subdivision 4 of section 3 (11 USCA § 21(4).

Order affirmed, with costs.