## ELKAY REFLECTOR CORPORATION v. SAVORY, Inc. (CHASE BRASS & COPPER CORPORATION, Intervener).

### No. 287.

Circuit Court of Appeals, Second Circuit.

April 4, 1932.

Joseph G. M. Browne, of Brooklyn, N. Y. (Louis P. Rosenberg, of Brooklyn, N. Y., on the brief), for appellant.

Joseph W. Gottlieb, of Brooklyn, N. Y., for appellee petitioning creditor.

Herman G. Robbins, of Brooklyn, N. Y., for appellee intervening creditor.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order adjudicating Elkay Reflector Company a bankrupt. The original petition in bankruptcy was filed on July 27, 1931, and the act of bankruptcy relied upon was set forth in the amended petition, filed August 27, 1931, as follows: "7. That said alleged bankrupt while insolvent as aforesaid and within four months next preceding the filing of the original petition suffered and, permitted a creditor herein to obtain through legal proceedings a judgment in Supreme Court, State of New York, Erie County, April 27, 1931, and which judgment was docketed on April 29, 1931, in Kings County Clerk's Office, and did not vacate or discharge same within 30 days from the date * * * said judgment was obtained."

The foregoing act of bankruptcy was sought to be alleged under section 3a (4) of the Bankruptcy Act as amended May 27, 1926, 11 USCA § 21 (a) (4), the pertinent portions of which read as follows: "Acts of bankruptcy by a person shall consist of his having * * * (4) suffered, or permitted, while insolvent, any creditor to obtain through legal proceedings any levy, attachment, judgment, or other lien, and not having vacated or discharged the same within thirty days from the date such levy, attachment, judgment, or other lien was obtained. * * *"

On December 3, 1930, Savory, Inc., the petitioning creditor, commenced an action in the Supreme Court of the state of New York, Erie county, against Elkay Reflector Corporation to recover $20,994.29 and interest for goods sold and delivered and on an account stated. A warrant of attachment was issued in the same action, and on December 5, 1930, the sheriff of Kings county took possession of personal property of the defendant in that county.

On April 23, 1931, a judgment was obtained in Erie county for the amount demanded, and upon a transcript docketed in Kings county on April 29, 1931, an execution was issued to the sheriff of Kings coun-

ty, who levied on the personal property of Elkay Reflector Corporation.

A petition in bankruptcy may be filed against a person who is insolvent and who has committed an act of bankruptcy, within four months after the commission of the act. Bankruptcy Act, § 3b, 11 USCA § 21(b).

The question before us is whether the creditor here obtained any lien within four months prior to the filing of the petition in bankruptcy, and the answer to this depends on whether the judgment lien accrued within the meaning of the act at the time when the attachment was levied or when the execution was delivered to the sheriff of Kings county.

Elkay Reflector Corporation owned no real property, so that no lien could be perfected by virtue of the judgment until the execution binding the personal property was delivered to the sheriff. Section 679, New York Civil Practice Act.

■ A new act of bankruptcy was created under section 3a (4) of the Bankruptcy Act, as amended May 27, 1926, 11 USCA § 21 (a) (4), in addition to the former subdivision 3 of section 3a of the Bankruptcy Act. That subdivision defined one of the acts of bankruptcy as having "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference." Under it a creditor could obtain a judgment within four months prior to the filing of the petition which became a lien against the bankrupt's real property or through issuance of an execution became a lien against his personal property, and thereafter realize a preference through a sale had after the petition was filed. In other words, by mere failure to enforce a lien during the four months' period, the creditor could obtain a preference through legal proceedings. Citizens' Banking Co. v. Ravenna Bank, 234 U. S. 360, 34 S. Ct. 806, 58 L. Ed. 1352. The purpose of the amendment was to obviate the necessity of a sale or final disposition of property during the four months' period in order to constitute an act of bankruptcy. In other words, suffering a creditor to obtain a lien during the four months' period, through an attachment or judgment, was made an act of bankruptcy by the amendment. A provisional attachment levied prior to the four months' period ripens, after judgment, into an unassailable lien no matter when the judgment takes effect. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Gatell v.

Millian (C. C. A.) 2 F.(2d) 365; Yumet & Co. v. Delgado (C. C. A.) 243 F. 519; In re Blair (D. C.) 108 F. 529. It is not reasonable to suppose that a preference which cannot be set aside is made an act of bankruptcy and a preference so obtained was held by the Court of Appeals of the Third Circuit not to constitute an act of bankruptcy, Colston v. Austin Run Mining Co. (C. C. A.) 194 F. 929, and such also was the decision by Judge Burns in the District Court in Julius S. Cohn & Co. v. Drennan, 19 F.(2d) 642. Where property has been attached by mesne process, the lien dates from the original levy irrespective of when the judgment is recovered. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Gatell v. Millian (C. C. A.) 2 F. (2d) 365; Yumet v. Delgado (C. C. A.) 243 F. 519; In re Blair (D. C.) 108 F. 529; Van Camp v. Searle, 147 N. Y. 150, 41 N. E. 427.

■■ In the case at bar the judgment and the execution issued in pursuance of it merely enforced the lien of the attachment obtained prior to the four months' period. The amendment of 1926 therefore does not cover the case. It was only intended to render a lien acquired by judgment sufficient as an act of bankruptcy and not to require a final disposition of property of the bankrupt by sale. It cannot be presumed to affect a lien created by an attachment prior to the four months' period.

It is contended that under the words of the amendment a "judgment" within the four months' period is alone sufficient, but it seems plain that for a judgment to come within the spirit and meaning of the act it must be a judgment that has become a lien and as such a legal preference. So the Circuit Court of Appeals of the Third Circuit has held in Weitzel Flooring Corp. v. Getz, 31 F.(2d) 930. As the lien here, read in connection with the warrant of attachment, antedated the four months' period, there was no act of bankruptcy.

In our decision In re Leverich (C. C. A.) 38 F.(2d) 72, a judgment creditor's bill was filed and a receiver appointed more than four months prior to the filing of the petition in bankruptcy but within the four months' period the receivership was extended to subsequent judgment creditors. Under those circumstances we held that the subsequent creditors obtained, through legal proceedings, a lien upon the personal property, and that there was an act of bankruptcy. The situation in the case at bar is entirely different.

For the foregoing reasons, the order is reversed, with directions to dismiss the petition.