### In re SUMMIT, Inc.

District Court, W. D. New York.
March 26, 1935.

Otto W. Iloff, of Syracuse, N. Y., for Summit, Inc.

Alexander Skinner, of Geneva, N. Y., for petitioning creditors.

Thomas J. Cleere, of Geneva, N. Y., in pro. per.

RIPPEY, District Judge.

An involuntary petition in bankruptcy was filed March 14, 1935, against Summit, Inc. This motion is to dismiss the petition on the ground that the petition is defective.

Two acts of bankruptcy are alleged. Under the first alleged act of bankruptcy, the corporation is alleged to have made a preferential payment of $45 to a creditor. This is too trivial an amount to show a preference constituting an act of bankruptcy. Houchin Sales Co. v. Augert (C. C. A.) 11 F.(2d) 115. Furthermore, the alleged payment was more than 4 months before the date of filing the petition.

The second act sets forth that the corporation permitted the docketing of a judgment in the City Court of Geneva, Ontario County, N. Y., on January 29, 1935, in favor of the Firestone Service Stores, Inc., and the same has not been vacated or discharged, and that more than 30 days have elapsed since said judgment was obtained. There is no allegation in the petition that the corporation owns any real estate. The City Court of Geneva is a court not of record, and no transcript has been filed in Ontario county clerk's office. Thus the judgment does not constitute a lien on any property of the debtor. The allegation of this alleged act of bankruptcy is insufficient on its face. Elkay Reflector Corp. v. Savory, Inc. (C. C. A.) 57 F.(2d) 161; Weitzel Flooring Corp. v. Getz (C. C. A.) 31 F.(2d) 930.

At the time the petition was filed, receivers and appraisers were appointed on the application of petitioning creditors. That order must be vacated. Inasmuch as the petition must be dismissed as defective, the petitioning creditors must pay the expenses of the proceeding. In re St. Lawrence Condensed Milk Corp. (C. C. A.) 9 F. (2d) 896. The receivers and appraisers and any others interested may be heard on the matter of allowances on suitable evidence of time spent and disbursements made at Rochester on April 8 or 25, 1935, upon 5 days' notice to the petitioning creditors.

An order reciting the various papers used on the motion and the appearances carrying all of the provisions of this decision into effect may be submitted for signature.