**In re KAPLAN.**

**No. 33738.**

District Court, E. D. New York.

Oct. 21, 1938.

---

Harold R. Kaplan, of New York City, for alleged bankrupt.

Herman G. Robbins, of Brooklyn, N. Y., for petitioning creditor.

BYERS, District Judge.

Motion to confirm a report of a special master to whom "the issues raised herein" were referred to take testimony and report together with his findings.

The issues arose upon a petition of the bankrupt for an order fixing "the counsel fees, expenses and damages of the alleged bankrupt occasioned by the receivership herein pursuant to Section 3(e) of the Bankruptcy Act" [11 U.S.C.A. § 21(e)].

By memorandum dated March 1, 1938, the effort was made to indicate that the motion papers were not convincing that any damage whatever could be proven, but the petitioner was given the opportunity to go before a special master, if he so desired, and thereafter the order of reference was signed.

The report indicates that the master has considered the case to fall within In re St. Lawrence Condensed Milk Corporation, 2 Cir., 9 F.2d 896, and authorities cited in that opinion. See, also, In re Summit, Inc., D.C., 10 F.Supp. 495.

Those were cases in which the petition in bankruptcy was legally defective and dismissal ensued, whereby the expenses occasioned by the receivership were visited upon the petitioning creditors. Authority for such holding was found in the case of In re Lacov, 2 Cir., 142 F. 960. That opinion reads in part as follows:

"Wallace, Circuit Judge. The question presented for review is whether petitioning creditors are liable for the expenses of a receivership in a case where upon commencing a proceeding against a debtor to have him adjudicated a bankrupt they have applied to the court and obtained the appointment of a receiver of his property, and the proceeding is subsequently dismissed as unfounded; the receiver meanwhile having entered upon his duties, taken charge of the property, and incurred expenses.

"There is no express provision in the bankruptcy act, which authorizes the court of bankruptcy to compel petitioning creditors to pay the costs of a receivership under such circumstances, and the power of the court must therefore rest upon its implied authority to require those to bear the expenses of a proceeding, which they have instituted without sufficient cause, and in the course of which they have invoked its assistance and asked it to put its machinery in motion for their benefit, in such a way that expenses will accrue, which must be borne either by them or the adverse party. Courts of equity frequently exercise this power in advance of taking action, and in the absence of any statutory authority."

The foregoing was written in 1905, over two years after Section 3 had been amended by Act of February 5, 1903, [11 U.S.C.A. § 21].

This application is based upon a portion of the Bankruptcy Act which refers to the petitioning creditor's bond thus:

"to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt.

"If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

The distinction between damages arising from the seizure, and those resulting from a dismissal of the petition itself, after a trial of the issues raised by the petition and the answer, has been recognized and discussed in the following cases: In re Moehs & Rechnitzer, D.C., 174 F. 165; In re Ward, D.C., 203 F. 769; In re Weissbord, D.C., 241 F. 516; In re J. Ito Terusakl, D.C., 238 F. 934.

This petitioner was entitled to show his damages occasioned by the seizure of his property, namely, the possession thereof on the part of the receiver; no such damage was shown. An award for counsel fees, costs and expenses would necessarily be confined to such items as were traceable to the seizure, as distinguished from the trial of the cause itself, and the report fails to point out any such item upon which an award can be based.

The attorney for the bankrupt was diligent in trying the contested issues raised

by the pleadings, but he is not entitled to an award under Subdivision e of Section 3 of the Act, 11 U.S.C.A. § 21(e), for his services in that behalf. He must look to his client, the bankrupt, for such compensation.

The record made before the special master has been read, but yields no testimony falling within the requirements of this petition.

Motion to confirm is denied as to the award of $350.00 to the bankrupt's attorney; it is confirmed in so far as it indicates that the bankrupt suffered no damage by reason of the appointment of the receiver.

Settle order.