**In re MAYHEW.**

**No. 9350.**

District Court, D. Maryland.

Jan. 16, 1940.

J. Gilbert Prendergast, of Baltimore, Md., for petitioning creditor.

Morton H. Rosen, of Baltimore, Md., for bankrupt.

CHESNUT, District Judge.

The question in this case is whether the creditor's involuntary petition against the alleged bankrupt sufficiently alleges an act of bankruptcy under the second or third acts specified in the Bankruptcy Act of 1938 (Chandler Act), 11 U.S.C.A. § 21, sub. a. They read as follows:

"Acts of bankruptcy by a person shall consist of his having * * * (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; or (3) suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings and not having vacated or discharged such lien within thirty days from the date thereof or at least

'five days before the date set for any sale or other disposition of such property."

By 11 U.S.C.A. § 21, sub. b, the petition in bankruptcy must be filed within four months after the act of bankruptcy. The creditor's original petition was filed November 4, 1939. On the same day upon proper showing of necessity therefor a receiver was appointed and on November 14th upon the latter's petition he was authorized to apply for the appointment of an ancillary receiver in the southern district of New York. On November 28, 1939, the alleged bankrupt moved to dismiss the proceeding because the petition did not sufficiently aver an act of bankruptcy. At the hearing thereof on December 6, 1939 the petitioning creditor was given leave to amend the petition and the amendment was filed December 11, 1939; and on December 20, 1939 the alleged bankrupt renewed the motion to dismiss on the same grounds.

The facts set up in the petition (with some little further statements of counsel at the hearing) are substantially as follows: Some time prior to January 14, 1936 the alleged bankrupt, William Mayhew, composed and presumably copyrighted a musical composition entitled "It's a Sin to Tell a Lie", and assigned the same on January 14, 1936 to Donaldson, Douglas and Gumble, Inc., of New York City, for the payment to Mayhew of royalties expected to be earned therefrom. On February 1, 1937 one Lillian Kalan Dumas instituted an attachment suit against Mayhew in the Superior Court of the State of New York, County of New York, on a claim of $3,548.30 (said by counsel in this case to be based on an agreement with Mayhew for one-third of the royalties from said song). Notice of the attachment was promptly in due course given to the garnishee which admitted that it had funds in its hands to the credit of Mayhew as of December 31, 1936 in the amount of $5,-624.49. On June 6, 1939 the said court ordered an amendment of the warrant of attachment to increase the plaintiff's demand to $6,881.63, and the garnishee was promptly notified. On July 12, 1939 the said Lillian Kalan Dumas and Daniel E. Finn, Jr., Sheriff of the County of New York, instituted a suit against the garnishee in the amount of $8,594.12, being the amount of royalties then allegedly payable by the garnishee. The last suit is said by counsel to have been merely an incident of the New York procedure in similar attachment cases. Finally on August 11, 1939 a judgment by default was entered in the same court in the action of Dumas v. Mayhew in the sum of $8,146.83. It is the entry of this last mentioned judgment on August 11, 1939, which was the only step in the New York litigation which occurred within four months before the filing of the petition in bankruptcy in the case here, which is set up as constituting an act of bankruptcy.

With respect to the entry of this last mentioned judgment the petition in this case alleges that it resulted because Mayhew "refused to defend or cooperate in the defense of the said suit" and "that through the acts of his attorney, he made it possible for the said Lillian Kalan Dumas to obtain the default judgment which was entered on August 11, 1939 as aforesaid; that the effect of the entry of the said judgment by default is to eliminate any available defense which Donaldson, Douglas & Gumble, Inc., might have to the action brought against them by Lillian Kalan Dumas and D. E. Finn, Jr., as sheriff of the County of New York; so that the said Donaldson, Douglas & Gumble, Inc., are now or are about to be required to pay over to the said D. E. Finn, Jr., sheriff, the sum of $8,146.83 which will become the property of the said Lillian Kalan Dumas, a creditor of the said William Mayhew, who will thereby obtain a preferential payment which your petitioner is informed is grossly in excess of the amount she originally claimed at the time the suit was filed, against the said William Mayhew; that your petitioner is further informed that the said William Mayhew has expressed a preference of his alleged creditor Lillian Kalan Dumas over her, the petitioner, Helen Meehan, and, on information and belief, your petitioner alleges that the said William Mayhew has suffered the judgment of August 11th, 1939, to be entered against him by default in order to attain that end; and that, in legal effect, the entry of the said judgment constitutes a transfer by him, while insolvent, of a portion of his property to the said Lillian Kalan Dumas with intent to prefer her over his other creditors for the reasons set forth above."

The petition further alleges that the judgment of August 11, 1939 constituted a lien on the bankrupt's property which, not being vacated or discharged within thirty days constituted the third act of bankruptcy above mentioned. It further appears in the creditor's petition here filed by Helen Meehan that she is a creditor of

Mayhew in the amount of $7,163.10, determined to be due her on account of one-half of the royalties from said song under decree of the Circuit Court of Baltimore City on October 14, 1938, in a suit by her against Mayhew.

On behalf of the petitioning creditor it is contended that the judgment of August 11, 1939 in the New York State Court constituted an act of bankruptcy as a lien not discharged within thirty days, under the third act of bankruptcy; and also a "transfer" by Mayhew while insolvent to Dumas as a preference. As to the applicable law, it seems quite clear that the judgment of August 11, 1939 did not constitute the lien referred to in the third act of bankruptcy, as the attachments of February 1, 1937 and June 6, 1939, which were both more than four months prior to the petition in this case, had effected the lien. The fact that the lien by the attachment was inchoate at the time and was made consummate only within four months of the alleged bankruptcy, does not bring the case within the third act of bankruptcy. This was expressly decided in a similar legal situation in the Second Circuit in the case of Elkay Reflector Corp. v. Savory, Inc., 2 Cir., 57 F.2d 161. See also In re Flushing-Queensboro Laundry, Inc., 2 Cir., 90 F.2d 601; Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Haft & Bros. v. Wells, 10 Cir., 93 F.2d 991; Northwestern Pulp & Paper Co. v. Finish Luth Book Concern, 9 Cir., 51 F.2d 340; Citizens Banking Co. v. Ravenna Nat. Bank, 234 U.S. 360, 368, 34 S.Ct. 806, 58 L.Ed. 1352. While not abandoning the point, counsel for the petitioner does not press it here in view of these decisions.

It is, however, earnestly contended by counsel for the petitioning creditor that the judgment of August 11, 1939 constituted a "transfer" within the meaning of the second act of bankruptcy, particularly in view of the definition of "transfer" in the Chandler Act, 11 U.S.C.A. § 1(30), which reads as follows:

" 'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of or parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise."

This is indeed a very broad and comprehensive definition (Adler v. Greenfield, 2 Cir., 83 F.2d 955, 956), but after examining the judicial decisions referred to by counsel for the plaintiff in support of his proposition, I do not think that they sustain the point made. It is argued that a voluntary confession of judgment by a debtor, or active aid to a creditor in obtaining judgment, which constitutes a lien on his property, in favor of one creditor in preference to others, will constitute a transfer. A number of decisions so hold. In re Truitt, D.C.Md. 203 F. 550, 552; In re Irish, D.C. Pa., 238 F. 411; Shingleton v. Armour Boulevard Corp., 8 Cir., 96 F.2d 473. But a judgment itself whether confessed or obtained by default is not an act of bankruptcy unless it constitutes a lien on the debtor's property. Weitzel Flooring Corp. v. Getz, 3 Cir., 31 F.2d 930; In re Day, D.C. Md., 22 F.Supp. 946, 949; Gilbert's Collier on Bankruptcy (4th Ed.) § 159. The judgment relied on in this case did not create the lien, which had arisen by the attachments levied more than four months prior to the bankruptcy petition. The judgment was no more than a step in the proceeding to enable the creditor to enforce the lien previously obtained. The preference thereby obtained would not be assailable in bankruptcy. See Elkay Reflector Corp. v. Savory, Inc., supra, and cases therein cited.

It is also at least doubtful if the averments of the amended petition show sufficient activity by the debtor to constitute a transfer. The judgment was not by confession but by default; and as to this it is only alleged that the debtor's attorney made it possible, without specifying how or why, except that the debtor wished to prefer the creditor. It is however not definitely alleged that the debt was not justly due.

It results that the motion of the alleged bankrupt to dismiss the creditor's petition must be granted; and the prior order for the appointment of a receiver must be vacated. The accumulated court costs must be paid by the petitioning creditor.

Counsel may present the appropriate order in due course.